CHARLES DAVENPORT ET AL., HEIRS OF JOHN DAVENPORT, DECEASED, *v.* F. FLETCHER ET AL.

1. Where the judgment is not properly described in the writ of error;
2. Where the bond is given to a person who is not a party to the judgment;
3. Where the citation issued, is issued to a person who is not a party; — the writ of error will be dismissed on motion.

THIS case was brought up by writ of error from the Circuit Court of the United States for the Eastern District of Louisiana.

It will be necessary to state only the judgment, and such of the other subsequent proceedings as gave rise to the motion to dismiss, and the judgment of the court thereon.

On the 23d of June, 1848, the Circuit Court pronounced a judgment which is thus recited in the writ of possession, which was issued on the 21st of July, 1848.

Whereas Felicite Fletcher, Maria Antonia Fletcher, Augustine Cuesta, Javiera Cuesta, and Felicite Cuesta y Fletcher, complainants, against Charles Davenport, Erasmus A. Ellis, Margaret Davenport, wife of Peter McKittrick, John Phellip Edgar Davenport, and Elizabeth Davenport, wife of Celestine Maxent, deceased, heirs of John Davenport, deceased, defendants, on the 23d day of June, A. D. 1848, by the judgment of the Circuit Court of the United States, for the fifth Circuit and District of Louisiana, &c. &c. &c.

The petition for the writ of error was in the names of the above defendants, and alleged further, that since said final judgment the original plaintiffs in the petition named, had parted with their interest in the said judgment to Charles McMicken, a citizen of the State of Ohio, and he hath been subrogated to the rights of the plaintiffs in the case, as doth appear by the record in this cause. The petition then prayed that the "original plaintiffs herein, as well also as the said Charles McMicken, may be made parties hereto and duly cited," &c. &c. &c.

Davenport et al. *v*. Fletcher et al.

The writ of error began as follows:

Because, in the record and proceedings, as also in the rendition of the judgment of a plea which is in the said Circuit Court, before you, or some of you, between F. Fletcher et al. and Charles Davenport et al., heirs of John Davenport, deceased, a manifest error hath happened to the great damage of the said Charles Davenport et al., heirs of John Davenport, deceased, as by their complaint appears, &c., &c., &c.

Citations were issued to Felicite Cuesta y Fletcher, wife of Jose Desadario Harravo; to Augustine Cuesta; to Javiera Cuesta; to Maria Antonia Fletcher, otherwise called Maria Antonia Fletcher. Hipp; to Felicite Fletcher, otherwise called Felicite Fletcher Hipp; and to Charles McMicken.

The bond was given by a portion only of the plaintiffs in error, and exclusively to Charles McMicken.

On the 12th of December, 1853, *Mr. Perin*, on behalf of the defendants in error, moved to dismiss the writ of error for several reasons, amongst which were the two following, which are the only ones necessary now to be mentioned. .

1st. That there is a misjoinder of the defendants in error, in adding Charles McMicken in the petition for writ of error, whereas the name of the said McMicken does not appear as a party in the record.

2d. That there is a variance between the petition for the writ of error and the writ itself, in this, that the writ does not contain the same number of defendants as the petition, omitting all the six names contained in the petition except that of Charles Davenport. And there is also a variance between the petition and citation, and between the writ and citation, in this, that the each citation does not contain the name of but one of the defendants in error.

On the 6th of January, 1854, *Mr. Duncan*, on behalf of the plaintiffs in error, filed an affidavit suggesting a diminution of the record, and obtained a *certiorari;* the return of which was as follows:

" *F. Fletcher et al. v. John Davenport's Heirs.*    No. 1320.

" On the joint motion of *F. Perin*, of counsel for the plaintiffs in the above suit, and of *S. S. Prentiss*, of counsel for Charles McMicken, and on exhibiting to the court an authentic act of transfer of the judgment rendered in this case, from said plaintiffs to said Charles McMicken, dated October 19th, 1848, and filed in the office of L. T. Caire, notary public of the city of New Orleans, — It is ordered by the court, that the said judgment shall stand transferred on the records of this court, as it is

in said act of transfer; and that all subsequent proceedings in this case relating to the said judgment, shall be conducted and carried on in the name of the original plaintiffs, for the use and benefit of the said Charles McMicken, and at his expense."

All which is now certified to the honorable the Supreme Court of the United States, in obedience to the mandate herewith returned.

Witness my hand, and the seal of said court, at New Orleans, Louisiana, this 1st March, A. D. 1854.

[SEAL.] ·                                     ·J. W. GURLEY, *Clerk.*

The motion to dismiss was argued by *Mr. Perin,* for the defendants in error, and by *Mr. Duncan* and *Mr. Coxe,* for the plaintiffs in error.

Mr. Justice McLEAN delivered the opinion of the court.

A motion has been made for a dismissal of this cause.

1. Because the judgment is not properly described in the writ of error.

2. Because the bond is given to a person who is not a party to the judgment.

3. Because the citation issued, is issued to a person who is not a party.

The objections are all founded in fact, and upon the authority of Samuel Smyth *v.* Strader, Perine & Co., 12 How. 327. The case is dismissed, with leave, however, to the counsel for the plaintiffs, to move for its reinstatement, during the present term.