HONORÉ, PETITIONER AND APPELLANT, *v.* WILSON, RESPONDENT AND APPELLEE.

APPEAL from the Second District Court of San Juan in Mandamus Proceedings.

No. 3046.—Decided February 21, 1924.

MANDAMUS—PERSONAL ACTION.—The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right. It necessarily follows from this, that on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provision to the contrary.

The facts are stated in the opinion.

*Mr. C. Honoré* for the appellant.

*The Attorney General* and *Mr. R. H. Todd, Jr.,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Francisco Honoré was temporarily employed in the Department of the Interior as engineer of a road-roller and on August 18, 1922, John A. Wilson, then Commissioner of the Interior, discharged the said Honoré who, alleging that his removal was unlawful, arbitrary, without good cause or reason and without giving him an opportunity to defend himself and answer the charges preferred against him, petitioned the lower court on February 8, 1923, for a writ of mandamus directed to John A. Wilson, Commissioner of the Interior, commanding his reinstatement in the position from which he had been removed.

The respondent first alleged that the petition was insufficient to justify the granting of the relief prayed for and at the same time filed his answer, admitting some of the allegations and denying others and setting up other facts that need not be reproduced for the purposes of this opinion.

The lower court held that the allegations of the petitioner were insufficient to justify a judgment in his favor and from that decision the petitioner took the present appeal, alleging that the court erred in denying the petition.

Without considering the legal questions raised by the appellant, it seems opportune as a preliminary question to determine whether hypothetically mandamus lies when John A. Wilson is no longer Commissioner of the Interior and the office is held by another person. This is the question finally raised by the appellee in his brief and we are forced to the conclusion that mandamus does not lie.

Subdivision 5 of section 36 of the Law of Evidence of July 1, 1905, authorizes this court to take judicial notice of the persons who hold the positions of heads of the ex-

ecutive departments, and while this case was pending a change occurred in the office of Commissioner of the Interior, John A. Wilson having retired as the head of the said department.

In the case of *United States* v. *Boutwell,* 17 Wall. 604–607, the following doctrine was laid down:

"The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent.     *     *     * If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience.  The writ does not reach the office.  It can not be directed to it.  It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right.     *     *     * It necessarily follows from this, that on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provision to the contrary."

In accordance with the said doctrine, supposing that a writ of mandamus should be directed to John A. Wilson, we fail to see that it would serve any practical purpose, inasmuch as John A. Wilson would have no authority to comply with it and would not be in contempt for disobeying the command of the court.

This being the case, it becomes unnecessary to consider the other questions discussed in the briefs of the parties.

For the foregoing reasons the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.