**DANENBERG v. COHEN.**

No. 11162.

United States Court of Appeals
Seventh Circuit.

June 14, 1954.

**LINDLEY**, Circuit Judge.

Appellant filed an original petition in the District Court against respondent, Cohen, then United States Attorney, to enjoin the use by the latter of certain documents in any criminal proceeding. Allegedly these documents had been taken from petitioner by an illegal search and seizure. The court dismissed the petition on motion of respondent and this appeal followed.

On the day petitioner filed his notice of appeal, respondent retired as United States Attorney, and was succeeded by Robert Teiken, the newly qualified appointee to the office. In this situation, respondent, therefore, moves to dismiss the appeal on the ground that the cause has abated as to him, because the subject *res* is no longer within his possession or control but within that of the present United States Attorney. In opposition, petitioner avers that the cause is in reality one against the United States, not the individual officeholder and that the nominal party to the cause is an immaterial factor. In the alternative, petitioner moves to make Robert Teiken an additional appellee. The latter avers that the court is without jurisdiction to make him a party here, inasmuch as he was not a party to the cause below.

■ We are of the opinion that the cause has abated as to respondent and should be dismissed. The general rule, as defined in 1 Am.Jur. 49–50 is that an action relating to the performance of a continuing duty pertaining to an office does not abate on retirement of the named officer, whereas an action against an officer as an individual to compel his performance of some duty personally abates upon the expiration of his term of office. This cause falls within the second category; it is in the nature of a proceeding for a mandatory injunction to compel a particular course of action with respect to certain evidentiary documents which are no longer within respondent's possession or control. The course of action sought is beyond respondent's power to pursue. The Su-

Richard Weinberger, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Anna R. Lavin, Edward J. Calihan, Jr., Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and LINDLEY, Circuit Judge.

preme Court has consistently held that, absent statutory provisions to the contrary, such an action abates on retirement of the official. E. g., United States ex rel. Bernardin v. Butterworth, 169 U.S. 600, 603, 18 S.Ct. 441, 42 L.Ed. 873; Ex parte La Prade, 289 U.S. 444, 53 S. Ct. 682, 77 L.Ed. 1311; Davenport v. Fletcher, 16 How. 142, 57 U.S. 142, 14 L.Ed. 879.

The action sought to be enjoined is not concerned with a duty which attaches to the office, Fleming v. Goodwin, 8 Cir., 165 F.2d 334. Nor is the question presented analogous to that in United States ex rel. Volpe v. Smith, 289 U.S. 422, 426, 53 S.Ct. 665, 77 L.Ed. 1298, in which the incapacity of the named officer, if any, arose, not out of his retirement from a particular position but out of his transfer from one immigration district to another. The cause of action was held not to abate, in the absence of proof that the officer lacked power to carry out the duty if ordered to do so.

 Furthermore we are of the opinion that we may not substitute the present United States Attorney as appellee or order him made an additional appellee. Since he was not a party below, requiring him to become a litigant at this time " 'would be an exercise of original jurisdiction over both a new party and a new cause, for the duty which he would be required to perform would be his own, not that of his predecessor.' " United States ex rel. Bernardin v. Butterworth, 169 U.S. 600, at page 603, 18 S.Ct. 441, at page 442, 42 L.Ed. 873; Payne v. Niles, 20 How. 219, 221, 61 U.S. 219, 221, 15 L.Ed. 895.

Under Rule 25(d), 28 U.S.C., the court has the power, within its sound discretion, to continue a cause against the successor in office to a public official against whom the action is brought on a satisfactory showing of "a substantial need for so continuing" it. McComb v. Row River Lumber Co., 9 Cir., 177 F.2d 129. And a cause is pending within the meaning of this rule "though an appeal

is being sought". Snyder v. Buck, 340 U.S. 15, 20, 71 S.Ct. 93, 96, 95 L.Ed. 15. Here, however, we are faced with a cause primarily against the officer, not the office, and, therefore, not a proper case for application of the rule. Furthermore, there is no showing of a substantial need for continuing the cause. If any criminal proceedings are pending against petitioner, he may move in the trial court to suppress this evidence. He may obtain by such a motion all the relief he could hope to obtain in this summary proceeding, which, at the most is an extremely doubtful remedy. No purpose can be served by continuing this appeal.

Petitioner's motion to substitute the present United States Attorney as party respondent is denied. The motion to dismiss the appeal is allowed, and the appeal is dismissed.