**TOM WING PO**

v.

**ACHESON, Secretary of State.**

No. 4804.

United States Court of Appeals
Tenth Circuit.

June 22, 1954.

Joseph S. Hertogs, San Francisco (R. Dwight Wallace, Evanston, Wyo., with him on the brief), for appellant.

John F. Raper, Jr., Cheyenne, Wyo. (C. N. Bloomfield, Jr., Cheyenne, Wyo., with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

The appellant, Tom Wing Po, by his next friend, Tom Kum Woo, brought this action against Dean Acheson, then Secretary of State, under Section 503 of the Nationality Act of 1940, 54 Stat. 1171, 1172, 8 U.S.C. § 903 [1952 Revision, Immigration and Nationality Act, § 1503] for a judgment declaring the appellant to be a national of the United States. The trial court sustained a motion to dismiss the action on the grounds that Dean Acheson having ceased to be Secretary of State, and his successor, John Foster Dulles, not having been substituted within six months of the date of Acheson's resignation as provided by Rule 25(d) F.R.C.P., 28 U.S.C.A. the action was abated. The sole question on appeal is whether Rule 25(d) is applicable to a suit of this nature.

Since this appeal was lodged, the Ninth Circuit has decided the same issue on indistinguishably similar facts in Acheson v. Furusho, and related cases, 212 F.2d 284. After an exhaustive review of the history of Rule 25(d), that court held the Rule and its progenitors applicable only to actions against officer defendants which abated at common law upon their separation from office, as in United States v. Boutwell, 1873, 17 Wall. 604, 84 U.S. 604, 21 L.Ed. 721. Under the rule in Boutwell, the action abated with the separation of the officer defendant when it sought to compel the defendant officer to perform a personal

duty after his power to do so ceased with his separation from office.

We held to the same effect in Northwestern Lumber & Shingle Co. v. United States, 10 Cir., 170 F.2d 692, 693, saying, " * * * at common law, an action against a public officer to compel personal performance of an official duty resting on him will abate upon his death or retirement from office. But the rule does not apply to a case where there is a continuing duty, irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the state or municipal body to which the office is attached." Giving effect to that limited application of the Rule, the Ninth Circuit held it inapplicable " * * * to actions wherein the judgment merely adjudicates the nationality status of the plaintiff which, by the way, is as binding to the world as it is to the defendant officer who cannot be under any judicial command in relation to the operation of the judgment." [212 F.2d 292.]

We concur in that view, and the case is accordingly reversed to proceed accordingly.