**CHEW YIN, By His Father and Next Friend, Chew Get, Plaintiff-Appellant,**

v.

**Dean ACHESON, as Secretary of State, Defendant-Appellee.**

**CHIN QUONG KIM, By His Next Friend, Chin Wah Hing, Plaintiff-Appellant,**

v.

**Dean ACHESON, as Secretary of State, Defendant-Appellee.**

**Nos. 11113, 11114.**

United States Court of Appeals, Seventh Circuit.

Sept. 30, 1954.

Rehearing Denied Nov. 2, 1954.

Ben C. Brostoff, J. Norman Goddess, Chicago, Ill., for appellants.

Robert Tieken, U. S. Atty., Anna R. Lavin and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

The appellants in these two matters, plaintiffs in their several suits against Dean Acheson, then Secretary of State, for declaratory judgments in the District Court, have perfected their appeals from orders dismissing their suits. Inasmuch as the issues in both cases are identical we shall dispose of them in one opinion.

Plaintiffs averred that they are nationals of the United States and sought, in pursuance of Section 503 of the Nationality Act, 8 U.S.C. § 903 [1] a judgment declaring them so to be. The District Court sustained a motion to dismiss on the ground that Acheson having ceased to be Secretary of State and his successor, John Foster Dulles, not having been substituted within six months of the date of Acheson's resignation, the action, in pursuance of rule 25(d), Fed.Rules Civ. Proc., 28 U.S.C.A. had abated. The question presented to us, then, is whether this was error, *i. e.*, whether the pro-

1. Now 8 U.S.C.A. § 1503.

visions of Rule 25(d) necessarily impelled entry of the judgments of dismissal.

▆ The same question was presented to the Ninth Circuit in four cases of similar import and disposed of in an exhaustive opinion by Judge Stephens speaking for the court consisting of six judges sitting *in banc,* in Acheson v. Furusho, 212 F.2d 284. In this informative opinion, the court discussed the decisions defining the category of actions which abated in cases of death or resignation of an official in the absence of Congressional action or promulgation of rules of procedure. It concluded that where a resigned official was sued as an officer merely for the purpose of establishing a certain status and not to compel him to perform a duty, the action against him did not abate upon his resignation, but that if the action sought to compel him to perform certain specific personal duties growing out of his occupancy of the office the action abated upon his resignation. Danenberg v. Cohen, 213 F.2d 944, decided by this court June 14, 1954, upon which the government relies, is of the latter class. So, too, was Bowles v. Wilke, 7 Cir., 175 F. 2d 35, certiorari denied 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528. We agree with the reasoning and the conclusions reached. The Ninth Circuit does not stand alone. The Third, in Lehmann v. Acheson, 214 F.2d 403 and the Tenth in Tom Wing Po v. Acheson, 214 F.2d 661, have reached the same conclusion. To what these courts have said, speaking unanimously, we need add nothing. For a complete resumé of the pertinent statutes, rules and decisions involved recourse may be had to these prior decisions. It follows indubitably from these decisions and others therein referred to that, in the absence of Rule 25(d), these actions did not abate upon Acheson's resignation.

▆ The remaining subordinate question then is as to what effect, if any, Rule 25(d) had upon this non-existence of abatement. The rule provides that upon separation from office of any official of the United States who is a party to an action, it may be continued and maintained against his successor, if within six months it is shown that there is substantial need for maintaining it. The government contended below and the court held that failure to make this showing within six months was fatal to further maintenance of the suit. Plaintiffs insist that, inasmuch as the suits would not have abated in the absence of legislation or promulgation of the rule, it was not the intent of the rule to create additional abatements. With this reasoning we also agree and again revert to the Furusho, Lehmann and Tom Wing Po opinions. After an exhaustive review of the history of Rule 25(d) and its congressional antecedents, the court, in Furusho, concluded that neither legislation nor the rule purported or intended to increase the category of actions which abate. It pointed out that the purpose of the remedial step was to permit litigants to avoid abatement of actions against separated officials, without any residuary remedy being provided for prosecuting meritorious claims, and not to create a new class of abatements. With this, too, we agree. Surely, if an action did not abate before the rule was promulgated, as, we think, is clear, there is nothing offered to support an argument that such an action was, by the rule, thereafter abatable. We are of the opinion that it was not the legislative or judicial intention in the prior statutes or in the court rules, to enlarge the base for abatement; no expression may be found anywhere to the effect that there existed any reason for broadening the base. We think, and hold, that the intention of previous statutory enactments and of the rule was to remedy the ill found in United States v. Boutwell, 17 Wall. 604, 21 L.Ed. 721.

It does not follow from the fact that the actions did not abate that plaintiffs should not be allowed to substitute Dulles as Secretary of State for Acheson.

Orderly procedure would seem to demand such a substitution.

The judgments are reversed with directions to proceed accordingly.