**LEW THUN a/k/a Lew Yee Ching,
Plaintiff,**

v.

**J. Howard McGRATH, Attorney General
of the United States of America,
Defendant.**

United States District Court,
S. D. New York.

Nov. 5, 1954.

David J. Rosen, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of N. Y., New York City, for defendant, Philip M. Drake, Asst. U. S. Atty., New Rochelle, N. Y., of counsel.

DAWSON, District Judge.

This is a motion by defendant to dismiss the action on the ground that plaintiff has not substituted Herbert Brownell, Jr. as the proper party defendant as required by Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.*

---

\* Rule 25(d) states:
 "*Public Officers; Death or Separation from Office.* When an officer of the

United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city,

This action was brought under Section 503 of the Nationality Act of 1940, 54 Stat. 1137, 1171, Title 8 U.S.C.A. § 903,[1] for a judgment declaring plaintiff to be a citizen of the United States. It was commenced on June 23, 1950, and the then Attorney General of the United States, J. Howard McGrath, was named as the party defendant. Before judgment, McGrath was succeeded in office by James P. McGranery, who in turn was succeeded by Herbert Brownell, Jr. Neither of the successors was substituted for the defendant.

Plaintiff states in his complaint that he was born in San Francisco, California, on February 21, 1905; that he resided in the United States until February 3, 1947, and that on that date, he departed from the Port of Seattle, bound for China, with the intention of seeking a wife; that he arrived again in the United States with his wife on or about November 27, 1947; that he was detained by the Immigration and Naturalization Service of the Department of Justice, a hearing held, and his exclusion ordered; that he appealed the exclusion order to the Commissioner of the Immigration and Naturalization Service and to the Board of Immigration Appeals, who affirmed the prior decision; that he is now at liberty under bond pending the final disposition of his application.

The question is presented whether, in an action for a declaratory judgment under Section 503 of the Nationality Act of 1940, the Attorney General of the United States is the real party in interest so that upon a change in the person of that officer, unless a substitution of

parties is made within six months from the date of the taking of office of the successor, the action abates.

It was originally held that an action that sought to compel an official to discharge his official duties abated upon the death or retirement from office of the official. See Secretary of the Interior v. McGarrahan, 1870, 9 Wall. 298, 313, 19 L.Ed. 579; United States v. Boutwell, 1873, 17 Wall. 604, 607, 608, 21 L.Ed. 721; Warner Valley Stock Co. v. Smith, 1897, 165 U.S. 28, 31, 17 S.Ct. 225, 41 L.Ed. 621; United States ex rel. Bernardin v. Butterworth, 1898, 169 U.S. 600, 18 S.Ct. 441, 42 L.Ed. 873.

Congress, by a law enacted on February 8, 1899, 30 Stat. 822, changed this Rule by providing that no such action should abate but that—

"* * * in such event, the Court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office * * *."

The time limitation for substituting the successor was reduced to six months by Section 11 of the Judiciary Act of 1925, 43 Stat. 936. This latter provision was repealed in 1948 with the revision of Title 28 of the United States Code and Rule 25(d), as it now exists, came into being.

It is clear that if this is an action that falls within the provisions of this Rule, compliance with the provisions of the

---

or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer

adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object." As amended Dec. 29, 1948, eff. Oct. 20, 1949.

1. Now 8 U.S.C.A. § 1503.

Rule is a prerequisite to the continuance of the action. Snyder v. Buck, 1950, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15.

We are here met with the situation that if this Rule is applicable to this type of action, the action must be deemed abated by the failure of the attorney for the plaintiff to have moved within the proper time for the substitution of the successor Attorney General. Not only will the action abate, but the plaintiff also will be deprived of bringing any similar action against the present Attorney General inasmuch as it will now have to be brought under Section 360 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503, which provides—

"that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act * * *."

and, that an action thereunder—

"may be instituted only within five years after the final administrative denial of such right or privilege * * *."

A holding that a person cannot get a judicial determination of his status as a citizen because of the failure of his attorney to substitute a newly appointed Attorney General is a harsh rule. It seems harsh, indeed, to make the determination of the substantive question depend upon procedural frills. See Pedreiro v. Shaughnessy, 2 Cir., 1954, 213 F.2d 768.

Judge Leibell of this Court, in a similar situation, recognized the harshness of the Rule but held that the Rule was mandatory and allowed no discretion to the District Judge and, therefore, was forced to dismiss the action. In that case, the plaintiff still would have been able to start a second action. Judge Leibell stated:

"It all seems so foolish. Some day the rule will be amended. No one gains anything by a dismissal of this action." Rossello v. Marshall, D.C. S.D.N.Y.1952, 12 F.R.D. 352, 355.

Must we, however, wait for an amendment to the Rule? This is not an action to command the individual Attorney General to act in a particular way or to refrain from acting in a particular way. It is an action for a declaration of status. The declaration is binding upon not merely the Attorney General but upon the world. In drafting Section 503 of the Nationality Act of 1940, Congress specifically set forth a declaratory remedy for the determination of citizenship status. The officer mentioned in the Section as the person against whom suit is brought is no more than a formal party, one through whom the government may be made a party in the action.

In identical situations, the Court of Appeals for the Ninth Circuit has recently held that the actions did not abate by reason of the failure of the plaintiff to substitute the successor officer within the time limited in the Rule. Acheson v. Fujiko Furusho, 9 Cir., 1954, 212 F.2d 284. The Court said:

"In summation, also, we repeat that since a judgment rendered in a § 903 action cannot be a command to any head of any governmental department to do anything or to refrain from doing anything, but fixes a status for the plaintiff which all persons inclusive of governmental authorities must respect, the action does not relate to the 'discharge', i. e., the carrying out, of any official duty.

"Since the judgments obtained or which may be obtained in the instant cases would not be ineffectual, but would establish to the world whether or not the plaintiffs are United States Nationals, no reason or law exists requiring their abatement simply because there has been a pe-

riod when the ex-officio defendant has not been formally made a party to the action." 212 F.2d at page 296.

While the letter of the Rule might require the dismissal of the action, the reason behind the Rule should prompt us to construe it in a manner which will not lead to injustice, oppression, or an absurd consequence. See Sorrells v. United States, 1932, 287 U.S. 435, 446, 53 S.Ct. 210, 77 L.Ed. 413.

The motion to dismiss this action as abated is denied. So ordered.