**WONG CHONG OY, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

**Civ. No. 2273.**

United States District Court
D. Minnesota, Third Division.
July 22, 1955.

Peter F. Greiner, of Bauers & Carlson, Minneapolis, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., and Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This is a suit for declaratory judgment whereby plaintiff seeks to be declared a national of the United States.[1]

The sole issue is one of proof by the plaintiff that he is the legitimate son of Wong Goe Yok, a native American, also known as Sam Wong and hereinafter referred to as Wong.

Most of the evidence is undisputed; however, defendant attacks its credibility and weight. The facts are substantially as follows.

Wong was born in American Canyon, Nevada, on March 24, 1896. When two years of age, he returned to China with his parents. At 17, while sojourning in China, he took one Ong Yon Toey for his wife, pursuant to the customs of pagan ancestry. He continued to live with his wife until 1921, when he returned to the United States, leaving behind in China his wife and two sons born of the union. In 1928 Wong returned to China to his wife and family and resided with them until 1929. Wong claims a third son (the plaintiff) was born of this union before Wong's second return to the United States in 1929.

The first two sons of Wong were admitted as nationals of the United States and they served in the armed forces during World War II. Plaintiff was refused facilities for the execution of an application for a permit to proceed to a port of entry to the United States, for the purpose of having his admissibility determined by the administrative agency charged with such duty. Plaintiff contends such refusal constitutes a denial of a right and privilege of a United States national, and contends this court has jurisdiction.[2]

Wong testified positively that he was the father of the plaintiff. He was able to identify a picture of the adult plaintiff as his son, although he admitted he had not seen the plaintiff since the latter was two months old. The two "brothers" also identified plaintiff as their brother.

The foregoing testimony stands unopposed subject only to the attack of defendant as to some inconsistency, particularly about whether or not the parties testifying were able to consistently identify landmarks. In support of its contention that the testimony lacks veracity, defendant singles out testimony relative to a garden the mother was supposed to have tended, and where it was located. Wong and the two soldier sons testified as to such garden. The plaintiff in his application proceedings said the mother did not have such a garden. Is this dispute in the testimony of such significance as to tip the scales on burden of proof against the plaintiff?

By order of the court during the trial of the instant case, defendant arranged for the blood typing of plaintiff and his family, by Horace H. Zinneman, M. D.,

---

1. Plaintiff, over the objection of defendant, was allowed to substitute John Foster Dulles as defendant in the place of Dean Acheson, as Secretary of State. Substitution is in accord with decisions stating that Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not applicable. See Tom Wing Po v. Acheson, 10 Cir., 214 F.2d 661, and Acheson v. Fujiko Furusho, 9 Cir., 212 F.2d 284, distinguishing "continuing duty" from "personal duty."

2. 54 Stat. 1171, 1172, 8 U.S.C.A. § 1503. 8 U.S.C.A. § 903 was repealed by § 403 (a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

Director of Blood Bank at Veterans Administration Hospital, Minneapolis, Minnesota. The report submitted by Dr. Zinneman reads:

"1. The blood group and type of Sam Wong (Goe Yok Wong) is 'B'—'MN'.

"2. The blood group and type of Jack Guey Wong is 'B'—'MN'.

"3. The blood group and type of Thomas Wong (You Nom Wong) is 'O'—'MN'.

"4. The blood group and type of Wong Chong Oy, 'B; —'M', is compatible with his claimed relationship to the other four persons.

"5. The blood group and type of Mrs. Arng Yue Toy (Ong Shee), 'O'—'M', is compatible with her claimed relationship to the other four persons.

"6. The blood group and type of Sam Wong (Goe Yok Wong) is compatible with his claimed relationship to the other four persons.

"7. The blood group and type of Jack Guey Wong is compatible with his claimed relationship to the other four persons.

"8. The blood group and type of Thomas Wong (You Nom Wong) is compatible with his claimed relationship to the other four persons.

"An additional genotyping of Sam Wong, Thomas Wong, and Jack Wong according to the Rh system also was compatible with the claimed relationship of these three persons to each other."

The argument is often advanced that the political situation in China encourages the use of fraud in an attempt to escape China for the refuge of the United States. While this may well be true, the mere fact that such a practice exists is not evidence upon which to decide the important question of the paternity of this plaintiff. To adopt such an attitude, without a factual basis, would be without justification in the instant case, and would indeed put a heavier burden of proof on persons of Chinese descent than is required.

The right to citizenship is a priceless legacy to one such as the plaintiff, and in the words of the United States Supreme Court, " * * * It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country."[3]

Plaintiff has carried his burden of proof. There is nothing in the record that would support a finding that plaintiff was not the legitimate son of Wong, a citizen of the United States.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendant is allowed an exception.

3. Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 570, 64 L.Ed. 1010; See also Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 87 L.Ed. 796; Ly Shew as Guardian etc. v. John Foster Dulles, etc., 9 Cir., 219 F.2d 413.