Doris O. **POINDEXTER** and Patricia A. Poindexter Through Her Guardian, Doris O. Poindexter, Appellants,

v.

Marion B. **FOLSOM**, Secretary of the Department of Health, Education and Welfare, Appellee.

No. 11907.

United States Court of Appeals Third Circuit.

Argued Nov. 16, 1957.

Decided March 25, 1957.

A. Leon Higginbotham, Jr., Philadelphia, Pa., for appellants.

Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The plaintiffs, Doris O. Poindexter and her daughter Patricia, claim benefits under the Old Age and Survivors' Insurance Benefits Act, 42 U.S.C.A. § 401 et seq. The referee determined that Doris was not the legal widow of the deceased wage earner, Jerome Poindexter, and denied the claims. The Appeals Counsel of the Department of Health, Education and Welfare denied the plaintiffs' appeal. They then instituted suit in the court below pursuant to Sec. 205(g) of the Act, 42 U.S.C.A. § 405(g), to review the decision of the referee. The district court found that there was substantial evidence to support the referee's decision, and granted the defendant's motion for summary judgment.[1] This appeal followed.

The defendant opposes plaintiffs' claims on the merits, and, in addition, moves to dismiss for failure of timely substitution of the party defendant. The suit was instituted in the district court on February 4, 1955 against Oveta Culp Hobby, then Secretary of the Department of Health, Education and Welfare. On August 1, 1955 Mrs. Hobby was succeeded by Marion B. Folsom. The United States Attorney, counsel for defendant, informed plaintiffs' counsel of the necessity to substitute Marion B. Folsom for the original defendant, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure[2] and stated that the United

[1]. The opinion of the court below was not reported for publication.

[2]. Rule 25(d), F.R.C.P., 28 U.S.C., provides: "When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given

States would not object to the substitution, and agreed that action on the substitution might be postponed until the court below had rendered a decision on a pending motion made on behalf of Mrs. Hobby for summary judgment. The court below granted the motion for summary judgment on February 14, 1956. On March 13, 1956, the court below approved a stipulation substituting the present defendant for Mrs. Hobby.

Secretary Folsom contends that the six month period established by Rule 25(d) caused the action to abate on February 1, 1956; that the provisions of Rule 25(d) have the force of law; and that neither the court below nor the parties could extend the time limit therein provided.

While courts do not favor abatement, nonetheless, Rule 25(d) must be adhered to. See American Federation of Musicians v. Stein, 6 Cir., 213 F.2d 679, 686, certiorari denied, 1954, 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687; Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 272, 38 A.L.R.2d 356. The Supreme Court has discussed the judicial and legislative history of abatement in Snyder v. Buck, 1950, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. See also Acheson v. Fujiko Furusho, 9 Cir., 1954, 212 F.2d 284. In the October 1955 Report of the Advisory Committee on the Rules of Civil Procedure a proposal was made to amend Rule 25(d) to permit substitution within a reasonable time rather than within the six-month period.[3] To date there has been no report of any action taken by the Supreme Court on the proposed amendment. Had it been adopted the issue presented here would be whether substitution after approximately seven and one-half months would be within a reasonable time. In view of lack of action on the proposed amendment, Rule 25(d) with its six-month limitation must be the point from which we proceed.

There have been situations where the provisions of Rule 25(d) were held inapplicable. Where a person seeks a declaration of nationality the rule has not been applied because the judgment sought was a determination of status binding on all the world, not merely on a particular public officer and was not a direction to the head of a governmental department to do something or to refrain from doing something.[4] The rule also has been held to be not binding where the United States has instituted a suit because of the violation of price or rent controls on the theory that in such suits the plaintiff public officer has instituted the action pursuant to a statute on behalf of the United States which is the real party-in-interest.[5] An early determination, that a statute authorizing suits by or against the Public Housing Administrator permitted actions by or against the Federal Housing Administration, resulted in the conclusion that the real party-in-interest was the Federal Housing Administration and so the requirements of Rule 25(d) did not have to be met.[6] Of course ac-

---

reasonable notice of the application therefor and accorded an opportunity to object. As amended Dec. 29, 1948, eff. Oct. 20, 1949."

3. Rule 25(d) must be read in conjunction with Rule 6(b), which denies the courts power to enlarge the six-month period prescribed in Rule 25(d) by providing that the time period may not be extended.

4. Lehmann v. Acheson, 3 Cir., 1954, 214 F.2d 403; Chew Yin v. Acheson, 7 Cir., 1954, 216 F.2d 60; Tom Wing Po v. Acheson, 10 Cir., 1954, 214 F.2d 661; Acheson v. Fujiko Furusho, 9 Cir., 1954, 212 F.2d 284; Wong Chong Oy v. Dulles, D.C.D.Minn.1955, 132 F.Supp. 483, 484; Lew Thun v. McGrath, D.C.S.D.1954,

16 F.R.D. 352. Contra, Rossello v. Marshall, D.C.S.D.N.Y.1952, 12 F.R.D. 352.

5. United States v. Allied Oil Corp., 1951, 341 U.S. 1, at page 3, note 5, 71 S.Ct. 544, at page 545, 95 L.Ed. 697, and the cases cited therein; Pinsky v. United States, 9 Cir., 1953, 203 F.2d 7, 9; United States v. Figur, D.C.D.Minn. 1948, 80 F.Supp. 140, 147. Compare, Bowles v. Wilke, 7 Cir., 175 F.2d 35, certiorari denied 1949, 338 U.S. 861, 70 S. Ct. 104, 94 L.Ed. 528.

6. Seven Oaks, Inc., v. Federal Housing Administration, 4 Cir., 1948, 171 F.2d 947, 950; Sigona v. Slusser, D.C.D.Conn. 1954, 124 F.Supp. 327, 328.

tions against a collector of Internal Revenue for the recovery of taxes received by him are against the collector as an individual and not as a public official. Rule 25(d) therefore does not apply.[7]

The case before us fits itself into none of the situations set out above. While it may be argued that the plaintiffs seek here a declaration that Doris Poindexter has the legal status of Jerome Poindexter's widow and that this would be analogous to a declaration of nationality, cf. Lehmann v. Acheson, supra, a declaration by this tribunal or by the court below or by the referee in respect to Doris' status as Jerome's widow would not be such a determination as would stand against the world as would an adjudication of nationality. What the plaintiffs really seek here is a judgment which would direct the Secretary of the Department of Health, Education and Welfare to pay the plaintiffs benefits claimed under the Old Age and Survivors' Insurance Benefits Act, 42 U.S. C.A. § 401 et seq. This case is similar on its facts to Chavers v. Hobby, D.C. D.N.J.1956, 19 F.R.D. 393. In the Chavers case the court held the action had abated and that therefore the court lacked power to proceed with the action. See also Snyder v. Buck, 1950, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15; and compare United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 168 F.2d 1014.

The plaintiffs' argument based on estoppel, bottomed on the stipulation for substitution and the order of the court below granting it, is an appealing one but we are precluded from accepting it by the reasoning of Snyder v. Buck, supra, 340 U.S. at page 19, 71 S.Ct. at page 95.[8]

The ruling of the Court of Appeals for the Ninth Circuit in Chin Chuck Ming v. Dulles, 1955, 225 F.2d 849, 852 does not aid the plaintiffs here. In the Chin Chuck Ming case the plaintiffs were seeking declarations establishing their nationality as American citizens, one of the recognized exceptions to the operation of Rule 25(d) as we hereinbefore stated.[9] See again note, 4, supra.

As we have already said we are aware that the courts view abatement with disfavor but unless we now create a new exception that would result in a practical abrogation of Rule 25(d), we must conclude that the suit at bar abated on February 1, 1956. The Social Security Administrator could allow the plaintiffs to institute a new suit in the district court. Sec. 205(g) of the Act, 42 U.S.C.A. § 405(g) provides: "Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced [in the district court] within sixty days after the mailing to him of notice of such decision or *within such further time as the Administrator may allow.* * * *" (Emphasis added.)

The order of the court below substituting Folsom as a defendant in place of Hobby will be vacated. The cause will be remanded to the district court with the direction to dismiss the cause as abated.

---

7. E. g., Ignelzi v. Granger, D.C.W.D.Pa. 1955, 16 F.R.D. 517.

8. The Snyder v. Buck case involved abatement under Sec. 11(a) of the 1925 Judiciary Act, but the principle is the same. The Court stated the provisions of Rule 25(d), 340 U.S. at page 17, 71 S.Ct. at page 94, note 2.

9. The court found, 225 F.2d at page 851, that a timely motion to substitute had been made. The case involved a suit for a declaration of United States nationality so Acheson v. Fujiko Furusho, 9 Cir., 1954, 212 F.2d 284, would seem to solve the substitution issue.