**Petition for Naturalization of
Djordje DOBRIC.
No. 6739.**

United States District Court
D. Minnesota,
Fifth Division.
Dec. 21, 1960.

Albert E. Baddin, Duluth, Minn., for petitioner.

Wood W. Remington, Designated Naturalization Examiner, St. Paul, Minn., for United States.

DONOVAN, District Judge.

This matter came before the Court on petition for naturalization of Djordje Dobric, a native of Yugoslavia, now a resident of Minnesota, and who designates himself "stateless."

Petitioner, a refugee from Yugoslavia, while in a refugee camp in Italy in 1948, married an Italian citizen in Ancona, Italy. The maiden name of the Italian wife was Eleanora Montesi. Two children, Maria Angela and Manuela, were born to petitioner and his wife, Eleanora Montesi Dobric, Maria Angela in 1949, and Manuela in 1951. At the time of and during this marriage, petitioner

claims he lived in the refugee camp in Napoli, Italy, and his wife, Eleanora, lived in the Montesi parental home.

Petitioner decided to emigrate to the United States in 1949. He claims his wife Eleanora refused to accompany him because " * * * [she was] not allowed to come to the United States. * * *. She wanted to live at home with her mother", according to the comment of petitioner.

Petitioner contends his wife Eleanora consented to his leaving, but refused to permit him to take their children with him, as they were both infants born in 1949 and 1951. He came "to the United States as an immigrant in February, 1952."

Following his arrival in the United States petitioner visited in Chicago for a short time and then proceeded to Hibbing, Minnesota, where he began employment with the Mahoning Ore and Steel Company. Petitioner has been regularly employed with this company from 1952 to the present time.

On January 27, 1954, petitioner was divorced from his first wife by the Superior Court of Cook County at Chicago, Illinois. In November of 1956, he married one Olga Tintar at Chisholm, Minnesota.

On July 15, 1957, petitioner filed his petition for naturalization with this Court, and on August 30, 1957, a preliminary examination was conducted by Examiner Paul Maki. The petitioner was asked in this examination whether he has fulfilled his duty of supporting his minor children in Italy. He was questioned by the Examiner under oath and said his earnings in the United States produced an approximate annual income of "around $3,000.00." That prior to his second marriage he would send money to Italy for the support of his minor children. This would consist of cash from time to time in amounts of two to ten dollars. He went on to say, "The Italian Consul wrote to me [from Chicago]. He said he had received a letter from my wife in Italy and that she was asking for more support. [The last time I sent money to Italy for the support of the children was] in July, 1956."

Questioned further by the government Examiner, his attitude towards family responsibility was concluded in this manner:

"Q. Do you intend to pay for the support of your children in the future until they are no longer minors?

"A. No, because my first wife says she can support them * *."

The first wife came from a very good family. She had a very nice home in Italy. Petitioner knew her six or seven months before their marriage and visited in her parents' home.

The government stayed naturalization pending investigation into the character and morality of the applicant.

Naturalization is governed by Congressional Act.[1] An applicant for citizenship has the burden of proving himself worthy. Does the record of the instant case support petitioner's burden of proof?

The record is convincing that petitioner, as the father of two infants, evaded his solemn obligation adequately to support and care for them. This he could have done out of wages earned during his residence in the United States, but he has not done so. The pittance he admits sending to Europe for the care of his two children does not meet the requirements of law. The love and affection between parent and child is as old as mankind and shall always remain steadfast, as if anchored between them by bonds of steel. The natural instinct to provide for and defend man's progeny is one of the moral values that go to make up the dignity of man.

As a husband, petitioner had the right to choose his place of domicile and to withhold support from a wife who failed to abide by it, but her deficiency in this respect affords no justification

---

1. 8 U.S.C.A. § 1101(f) (6); 8 U.S.C.A. § 1427(a), (e).

for his failure to support his two infant children, whom she retained in Italy. Such shortcomings of the parents must not be visited upon the innocent children. We must look to the facts and evidence to determine whether petitioner is "a person of good moral character" as required by law. The Court is mindful that the applicable Act of Congress must be liberally construed. "Good moral character" must be established by petitioner, for admission to citizenship is jealously guarded.

■ Is petitioner "a person of good moral character" as required by law to qualify him for citizenship? An alien has no inherent right to naturalization, as citizenship is a gift from the conferring government and a privilege to the applicant therefor.[2] It may be granted, qualified or withheld.

■ The foundation of good morals is deeply rooted. It attaches inherently for good or evil in the home. Under the urge of natural law it may be found in the guise of parental concern for the young of the animal kingdom. This is peculiarly so in the human species. The milk of human kindness flows naturally in the age-old stream of fatherhood to his helpless child. The responsibility of parenthood springs from the Canons of the Everlasting, so aptly described in our great American Charter, declaratory of the rights of man, as "the laws of Nature and of Nature's God." Blackstone in his commentaries long before our Declaration of Independence emphasizes this natural law. Petitioner, as the father of two infant children, was and is obligated by all applicable law, "natural, human, moral and divine to protect, support and care for them."[3]

The way to citizenship is made easy for those who qualify therefor. Once obtained it is a priceless gift.[4]

The facts of the instant case require the Court to withhold naturalization for the present.

The petition is denied.

---

2. Ralich v. United States, 8 Cir., 185 F. 2d 784, 786; Brukiewicz v. Savoretti, 5 Cir., 211 F.2d 541; In re Mogus, D.C. Pa., 73 F.Supp. 150.

3. In re Nosen, D.C.Wash., 49 F.2d 817, 818.

4. Wong Chong Oy v. Dulles, D.C.Minn., 132 F.Supp. 483, 485.