FOUR STAR PUBLICATIONS, INC., a New York Corporation, et al., Appellants,

v.

Norman ERBE, an Individual, and Norman Erbe, as Attorney General for the State of Iowa, et al., Appellees.

KNIGHT PUBLISHING CORPORATION, a California Corporation, et al., Appellants,

v.

Norman ERBE, an Individual, and Norman Erbe, as Attorney General for the State of Iowa, et al., Appellees.

Nos. 16492 and 16495.

United States Court of Appeals
Eighth Circuit.

June 28, 1962.

Raymond Rosenberg, Des Moines, Iowa, for appellants. (Theodore T. Duffield, Verne Lawyer, Des Moines, Iowa, were with him on the brief).

Frank D. Bianco, Asst. Atty. Gen., Evan Hultman, Atty. Gen., Des Moines, Iowa, for appellee. (Norman A. Erbe, Atty. Gen., Frank D. Bianco and Frank Craig, Asst. Attys. Gen., Des Moines, Iowa, were on the brief).

Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

These two separate actions, consolidated for trial, were commenced against Norman Erbe individually and as Attorney General of the State of Iowa, and other named defendants who constituted the "Attorney General's Advisory Committee" alleged to have been appointed by the Attorney General to advise and assist him in his campaign against objectionable publications. The complaints sought both temporary and permanent injunction against defendants-appellees from pre-judging, pre-censoring, boycotting, coercing, threatening, blacklisting and placing prior restraints on the magazines published by the plaintiffs-appellants. The complaints also sought a mandatory injunction requiring appellee Norman Erbe to withdraw his order to the County Attorneys of the State of Iowa declaring the appellants' magazines to be in violation of Iowa obscenity and indecency laws and requiring the said appellee to advise the wholesale distributors and magazine dealers of the State of Iowa that the defendant-appellee has no right to pre-judge and pre-censor or censor plaintiffs-appellants' publications. The actions were founded upon allegations that Norman Erbe, Attorney General of the State of Iowa, acting under color of § 725.5 of the Iowa Code Annotated, had deprived plaintiffs-appellants of their constitutional rights guaranteed under the First and Fourteenth Amendments to the Constitution of the United States in that he had deprived these plaintiffs-appellants of their right to freedom of speech and freedom of the press and had taken plaintiffs-appellants' property without due process of law.

More specifically, it was claimed that defendant-appellee Norman Erbe published a list of magazine titles and magazine publishers in which he declared the magazines to be obscene and in violation of Iowa obscenity laws and the publishers thereof to be publishers of obscene magazines; that he distributed said list to the wholesale magazine distributors, to the press and to the dealers in magazines throughout the State of Iowa. It was further alleged that at the same time and place he threatened criminal prosecutions of all wholesale distributors and dealers unless such magazines were immediately removed from the newsstands of Iowa; that his actions constituted an illegal usurpation of power and authority, resulting in the violation of plaintiffs-appellants' constitutional rights under the First and Fourteenth Amendments to the Constitution of the United States. It was further alleged that as a direct result of the action of the defendant-appellee Norman Erbe the wholesale distributors and retail dealers, because of said threats and coercion,

have refused to purchase from plaintiffs-appellants or distribute or offer for sale magazines published by plaintiffs-appellants.

Defendants-appellees alleged first a general denial of all the allegations contained in the complaints. Secondly, they claimed that the injunctive power of a federal court is not available to interfere with the enforcement or threatened enforcement of a criminal statute and should not be used to enjoin a state activity concerning which no subsequent action or repetition of that activity has occurred or is likely to occur. It was further alleged that any subsequent action of the Attorney General would be limited to prosecution by County Attorneys of distributors or dealers who were in violation of the Iowa statute.

The District Court denied the request for preliminary injunction and, after trial, denied permanent injunctive relief, holding " * * * that there has been no prejudging of plaintiffs' publications by Mr. Erbe * * * ", that the plaintiffs-appellants had failed to maintain the burden of proof, and that the complaints should be dismissed. Appeal was thereupon taken to this court.

Whether or not, under the evidence introduced here, there was prior restraint and censorship in violation of constitutional provisions is a question we need not nor, indeed, can we reach. On January 1, 1961, very shortly after these cases were argued for the first time, the term of office of the defendant-appellee Norman Erbe as Attorney General expired. His successor in office, Evan Hultman, became the duly elected, qualified and acting Attorney General, having assumed the duties of that office on the 2nd day of January, 1961. There has been no successor to the Attorney General's Advisory Committee. The term of such committee ended when Erbe left office. While the defendants have been sued individually as well as in their official capacities, no relief by way of money damages has been sought nor is there any request for relief which could possibly be operative as to the defendants solely in their individual capacities when stripped of official power or association therewith.

Under these circumstances, it is suggested and argued by counsel that these actions must be dismissed as moot. Mr. Hultman, the present Attorney General, appeared in this court and advised that no actions had been taken by his predecessor, Norman Erbe, with relation to these matters subsequent to the institution of the instant suits and that no action had been taken by the members of the so-called Attorney General's Advisory Committee subsequent to the commencement of these suits, all of which was shown at the trial in district court and, more importantly, that he, Mr. Hultman, as the present Attorney General, had no intention of pursuing the alleged policy of his predecessor. No contrary showing was made by the plaintiffs-appellants so that the statement and showing of the present Attorney General stands uncontradicted.

The notes of the Advisory Committee on Rules, following the 1961 amendment of Rule 25, 28 U.S.C.A., which amendment provided for the automatic substitution of parties, contain the following:

"Where the successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, after substitution, as plaintiff to seek voluntary dismissal of the action, or as defendant to seek to have the action dismissed as moot or to take other appropriate steps to avert a judgment or decree. Contrast ex parte La Prade, supra [289 U.S. 444, 53 S.Ct. 682, 77 L.Ed. 1311]; Allen v. Regents of the University System, 304 U.S. 439, [58 S.Ct. 980, 82 L.Ed. 1448] (1938); McGrath v. National Ass'n of Mfgrs., 344 U.S. 804, [73 S.Ct. 31, 97 L.Ed. 627] (1952); Danenberg v. Cohen, 213 F.2d 944 (7th Cir. 1954)."

Professor Charles Alan Wright, in discussing the amended Rule 25, says, at 2 Barron & Holtzoff, Federal Practice &

Procedure, § 626 (Wright Ed. 1961), pages 448–449:

"* * * Presumably where the successor in fact does disavow the policy of his predecessor, he can make such a showing and if this does make the suit moot, tested by usual standards, it should be dismissed as such. The burden will be on the officer to show that the suit is moot.

"Where the suit is against a state officer, however, the mere fact that the rule purports to authorize substitution does not make such substitution proper, any more than did the statute in force when Ex parte La-Prade was decided. Substitution will still be within the letter of the rule, and will avoid much waste motion in the judicial process, but here it would seem that the action must be dismissed as moot unless the plaintiff makes the needed showing that the officer threatens to continue the policy of his predecessor. In summary, the rule should be held applicable and to permit automatic substitution both of federal and state officers, but the burden of showing whether there is a substantial need for continuing the action, if challenged by an assertion that the suit is moot, will be on the plaintiff if a state officer is involved, though on the officer where he is connected with the federal government."

See Fleming v. Mohawk Wrecking & Lumber Co., 1947, 331 U.S. 111, 119, 67 S.Ct. 1129, 91 L.Ed. 1375; Bowles v. Ohlhausen, D.C.N.D.Ill., 1947, 71 F.Supp. 199, 200; Bowles v. Seigel, D.C.D.C., 1947, 7 F.R.D. 331, 332, appeal dismissed 1948, 83 U.S.App.D.C. 88, 168 F.2d 143.

There being no showing that there is a substantial need for the continuing of these actions, and on the other hand an affirmative showing that there is no need for their continuance, the conclusion is forced that the actions are moot.

These appeals are dismissed.