## UNITED STATES ex rel. TRINLER v. CARUSI, Commissioner of Immigration and Naturalization.

### No. 9461.

Circuit Court of Appeals, Third Circuit.

Argued June 21, 1948.

Decided July 8, 1948.

Abram Orlow, of Philadelphia, Pa. (Lemuel B. Schofield, of Philadelphia, Pa., on the brief), for appellant.

Gerald A. Gleeson, U. S. Atty., James P. McCormick, Asst. U. S. Atty., and Maurice A. Roberts, District Adjudications Officer, Immigration and Naturalization Service, all of Philadelphia, Pa., on the brief, for appellee.

Before BIGGS, McLAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

This court on February 16, 1948, reversed the judgment of the court below holding that Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009 (a), permitted judicial review of a deportation order entered by the Commissioner of Immigration and Naturalization,[1] and a decree enforcing our decision was entered on the same day. It now appears that on August 26, 1947 while the case was pending on appeal the respondent, the then Commissioner of Immigration and Naturalization, Ugo Carusi, resigned his office and was succeeded by Watson Miller on August 27, 1947 as Acting Commissioner. Mr. Miller's nomination to the office by the President was confirmed by the Senate on December 18, 1947. See Section 7 of the

---

[1] For our decision in this case see 166 F.2d 457.

Act of March 3, 1891, 8 U.S.C.A. § 101. On June 21, 1948 the Solicitor General moved this court for reconsideration of our judgment on the issue that the case had abated or alternatively for the substitution of Mr. Miller in place of Mr. Carusi as the respondent. The petitioner, Trinler, joins in the motion for substitution of Mr. Miller for Mr. Carusi and insists that the action has not abated. While the Solicitor General is of the opinion that the action has abated he states none the less that he takes this position reluctantly since he desires to appeal our ruling to the Supreme Court.

Both parties rely on the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule is inapplicable to proceedings in this court. The pertinent rule is 28(5) of the Rules of this court which is based on Section 11 of the Act of February 13, 1925, 28 U.S.C.A. § 780. Section 11 provides in pertinent part that if an officer of the United States dies or resigns, " * * * it shall be competent for the court wherein the action * * * is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, *if within six months after his death or separation from the office* [2] it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved." It will be noted that under these provisions the point raised by the petitioner that the critical date was the date of the confirmation by the Senate of Mr. Carusi's successor, Mr. Miller, is irrelevant. No application was made to substitute Mr. Miller as the party respondent until nearly nine months after Mr. Carusi's resignation.

The question for our determination then becomes: is the principle of United States ex rel. Claussen v. Curran, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720, applicable? In this case the Supreme Court affirmed per curiam, a decision of the Circuit Court of Appeals for the Second Circuit. See 16 F.2d 15. In the Claussen case the Court of Appeals for the Second Circuit affirmed a decision of the District Court of the United States for the Southern District of New York denying a writ of habeas corpus to a seaman who had been ordered deported on conviction of a crime involving moral turpitude within five years after "entry". Certiorari was granted by the Supreme Court and thereafter a suggestion of abatement was submitted. It appears that Curran who had been sued as Commissioner of Immigration by Claussen resigned his office on March 31, 1926, after certiorari had been granted, being succeeded by Day as Commissioner, and that no motion was made under Section 11 of the Act of February 13, 1925 to permit the cause to be continued and maintained against Day, the successor to Curran in the office of the Commissioner. The Supreme Court vacated the judgments entered respectively in the District Court and in the Circuit Court of Appeals and remanded the cause to the District Court with the direction to dismiss the cause as abated.

We are of the opinion that the principle enunciated by the Supreme Court in the Claussen case is applicable in the case at bar and that the instant cause has abated requiring us to vacate our own decree in Trinler's favor as well as that of the court below in favor of Commissioner Carusi. It is contended by Trinler that this result is an undesirable one; that the real party in interest is the Attorney General of the United States who has held office throughout the whole of the proceeding; that the Commissioner of Immigration and Naturalization is but an arm or an agent of the Attorney General who is the real party respondent in the case and that the ends of justice would be best served by penetrating the form and looking solely to the substance of the action. There is much to be said for this point of view [3] but the suit was instituted against Commissioner Carusi and the principle is well settled that officers

---

2 Emphasis added.

3 See the Immigration Act of 1917, Section 19, as amended, 8 U.S.C.A. § 155, and the authority cited in note 3 to our opinion in the case at bar, 166 F.2d at page 458.

of the United States may be sued and suit against them may be maintained only pursuant to the rules of law laid down by Congress. In any event the decision of the Supreme Court is binding upon this tribunal.

The motion for substitution of Miller, Commissioner, for Carusi, Commissioner, will be denied. Our mandate will be recalled. A decree will be entered vacating our judgment of February 16, 1948 and the judgment of the court below and the cause will be remanded to the District Court with a direction to dismiss the cause as abated.