### GAMBARDELLI v. CLARK, Attorney General, et al.

### No. 7638.

United States District Court
E. D. Pennsylvania.

Feb. 24, 1950.

Isidor Ostroff, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

On August 12, 1947, plaintiff filed a complaint against Tom C. Clark, Attorney General, Ugo Carusi, Commissioner of Immigration and Naturalization, and George Catlett Marshall, Secretary of State. Subsequently, the plaintiff petitioned for leave to amend the caption of the case by substituting their successors, James Howard McGrath, Watson B. Miller and Dean Acheson, so that he could continue the ac-

tion. With respect to James Howard Mc-Grath, the petition was made within the six month time limitation of Rule 25(d), Federal Rules of Civil Procedure, 28 U.S.C.A.; but with respect to Watson B. Miller and Dean Acheson, the petition was not timely, coming more than six months after they entered upon the offices of their predecessors. It now appears, moreover, in an amendment to the petition for leave to substitute, that the present incumbents have "consented" to the substitution.

This petition comes squarely under the sanction of Rule 25(d). Plaintiff's contention that the rule may be disregarded by this Court because its effect is substantive rather than procedural is without merit. The fact that a rule of procedure prejudices the enforcement of a substantive right does not transform the procedural rule into substantive law.

Plaintiff further asserts that United States ex rel. Trinler v. Carusi, 168 F.2d 1014, decided by the Court of Appeals for the Third Circuit, is not controlling here because the rule of the Court under which the case was decided was based upon a statute which has since been repealed. But the rationale of the decision is that the cause abated, the officer having resigned and the substitution of his successor not having been made within the time prescribed. Fleming v. Goodwin, 8 Cir., 165 F.2d 334, is clearly distinguishable. A cause of that nature, involving an action by a chief of a governmental agency survives the resignation of that officer because the right or duty attaches to the office (in behalf of the United States) rather than to the individual who happens to occupy the office at the time the action is brought. Porter v. Maule, 5 Cir., 160 F.2d 1, 3; Fleming v. Goodwin, supra, 165 F.2d at page 338. But, technically, a cause involving the failure of an officer to perform an administrative function attaches to the officer, rather than to the office, and does not survive the officer's resignation. See United States ex rel. Claussen v. Curran, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720. Nor is the abatement affected by a subsequent "consent" of the present incumbents.

It has been urged here that the real party in interest in the instant case is the United States Government rather than the particular officers involved and it would appear as though this were a mere technical distinction. However, Rule 25(d) precludes the Court from granting the relief sought. And while the plaintiff's petition with respect to the substitution of James Howard McGrath for Tom C. Clark is timely, the single substitution would be pointless. Accordingly, an order will be entered denying plaintiff's petition to amend the caption.