**STATE OF WISCONSIN et al. v. CLARK, Attorney General.**

No. 2042.

United States District Court
W. D. Wisconsin.
Nov. 7, 1950.

Thomas E. Fairchild, Atty. Gen. of State of Wisconsin, Stewart G. Honeck, Deputy Atty. Gen., for plaintiffs.

Charles H. Cashin, U. S. Atty. for Western Dist. of Wisconsin, Madison, Wis., James D. Hill, Daniel G. McGrath and Paul F. Myers, all of Washington, D. C., for defendant.

STONE, District Judge.

The motion of the defendant to dismiss this action on the ground that it has abated for the reason that the defendant, Tom C. Clark, Attorney General of the United States as successor to the Alien Property Custodian, resigned from office on August 24, 1949, and on the same day was succeeded in office by J. Howard McGrath; that plaintiffs have not substituted the said J. Howard McGrath as defendant herein in the place and stead of defendant Tom C. Clark within six months after the said J. Howard McGrath took office as required by Rule 25(d), Federal Rules of Civil Procedure, 28 U.S.C.A.

No motion was made by either party hereto within the six months' period, as provided by Rule 25(d) of the Federal Rules of Civil Procedure, to substitute J. Howard McGrath for Tom C. Clark, as a defendant in these proceedings. It is undisputed that on August 24, 1949, Tom C. Clark resigned as Attorney General of the United States and was succeeded in office on the same date by J. Howard McGrath.

Rule 25(d) of the Federal Rules of Civil Procedure provides as follows: "When an officer of the United States, * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, *if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."*

There is an abundance of authority to support the ruling that an action should be abated where there has been a failure to comply with the provisions of said Rule 25(d).

In a case involving issues analogous to those in the above-entitled action, the United States Court of Appeals for the Seventh Circuit, on May 16, 1949, in Bowles v. Wilke, 175 F.2d 35, held that that action abated because of the failure of the parties to comply with the provisions of Rule 25(d) of the Federal Rules of Civil Procedure.

Defendant's motion to dismiss the complaint is granted, without costs.