253

**TOSHIO JOJI et al. v. CLARK.**

No. 27557–G.

United States District Court
N. D. California, S. D.

April 20, 1951.

Sans, Hudson & Perry, Watsonville, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., Valentine C. Hammack, Percy Barshay, Spec. Assts. to the Atty. Gen., for J. Howard McGrath, Atty. Gen. of the United States.

HARRIS, District Judge.

Plaintiffs, former owners of certain agricultural lands in the Pajaro Valley, Santa Cruz County, California, commenced this action under Section 9(a) of the Trading with the Enemy Act, as amended, 50 U.S.C.A.Appendix, § 9(a), to recover the property from Tom C. Clark. In the complaint which was filed August 20, 1947, the defendant is designated as Alien Property Custodian. Since the office of Alien Property Custodian ceased to function as such on October 14, 1946, CFR 1946 Supp. 160, the defendant should have been named as Attorney General, since the functions of the office were transferred to the Attorney General of the United States.

On August 24, 1949, Mr. Clark resigned as Attorney General and on the same date J. Howard McGrath succeeded him. Until the present motion for substitution of defendants, plaintiff failed to substitute Mr. McGrath for Mr. Clark.

Under Rule 25(d) of the Fed. Rules Civ. Proc. 28 U.S.C.A., plaintiff is permitted six months in which to move for substitution in the event an officer of the United States dies, resigns or otherwise ceases to hold office pending litigation in which he is named as a party. The six months' period expired on February 24, 1950.

Although the provisions of Rule 25(d) may appear harsh and inequitable under the circumstances, this Court has no alternative but to dismiss the action on the ground that it has abated. Such is the holding in Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93. Plaintiff has made strenuous efforts to distinguish the instant case from Becker Steel Company v. Hicks, D.C., 1 F.Supp. 300; Id., 2 Cir., 66 F.2d 497; Kutroff v. Sutherland, 2 Cir., 66 F.2d 500; and the recent decisions of Schnoedewind v. Clark, D.C. S.D. New York, 11 F.R.D. 106, Wisconsin v. Clark, D.C.W.D.Wis., 1950, 11 F.R.D. 102, by contending that the suit before this Court is inherently a quiet title action. Plaintiff asserts that Thomas B. Bishop Co. v. Santa Barbara County, 9 Cir., 96 F.2d

198, alleviates plaintiffs' failure to apply for substitution of defendants within the six months' period. The facts alleged in the complaint preclude the Court from applying the doctrine of the Bishop case.

 Under the circumstances, plaintiffs' failure to move for a substitution of J. Howard McGrath in his representative capacity for Tom C. Clark within the six months' period, precludes them from continuing the instant litigation.

It is ordered that plaintiffs' motion for substitution of party defendant be, and the same hereby is, denied and defendant's motion to dismiss the action be, and the same hereby is, granted.