ROSSELLO v. MARSHALL, Secretary of State et al.

United States District Court, S. D. New York.

Jan. 9, 1952.

Nathaniel Phillips, New York City (Bernard R. Sorkin, Brooklyn, N. Y., on the brief), for plaintiff.

Myles J. Lane, U. S. Atty. for Southern Dist. of N. Y., New York City (Robert Rubinger, Asst. U. S. Atty., New York City, of counsel), for defendants.

LEIBELL, District Judge.

This is an action under Title 8 U.S.C.A. § 903 for a declaration of United States nationality. The complaint was filed April 9, 1948. § 903 provides:—

"§ 903. Judicial proceedings for declaration of United States nationality in event of denial of rights and privileges as national; certificate of identity pending judgment

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided. Oct. 14, 1940, c. 876, Title I, Subchap. V, § 503, 54 Stat. 1171."

The summons and complaint were served on the three defendants on April 14, 1948. They appeared herein through the United States Attorney for the Southern District of New York, who filed an answer October 14, 1948. The case was assigned to the non-jury calendar on November 5, 1948. On February 5, 1951, plaintiff's deposition was taken by the defendants. Shortly prior to the time the case was to appear on the Pre-trial Calendar, the defendants on December 7, 1951, moved to dismiss the complaint, under Rule 12(b) F.R.C.P. 28 U.S.C.A. "for lack of jurisdiction over the persons of the defendants".

It appears that George C. Marshall resigned as Secretary of State on January 7, 1949 and that Tom C. Clark resigned as Attorney General a few months later. The District Attorney contends that since their

successors in office were not substituted as parties defendant within six months after said successors took office, the action has abated as to each, pursuant to Rule 25(d) F.R.C.P. As to the third defendant, Ruth B. Shipley, Chief of Passport Division of the Department of State, the District Attorney contends that she is not the head of a Department or Agency, and is not a proper party to the action. I have concluded that the motion to dismiss should be granted as to all three defendants.

■ Taking the last (Shipley) first, two decisions in point are Gan Seow Tung v. Carusi, D.C., 83 F.Supp. 480, and United States ex rel. Medeiros v. Clark, D.C., 82 F.Supp. 412.

■ As to the other two defendants, Marshall and Clark, they were named defendants pursuant to Title 8 U.S.C.A. § 903. The United States is not a party to an action under said section, because the United States as a sovereign has not consented to be sued. Savorgnan v. United States, 7 Cir., 171 F.2d 155; affirmed 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287, rehearing denied 339 U.S. 916, 70 S.Ct. 564, 94 L.Ed. 1341. Section 903 specifies who may be sued (the heads of the Department or agency which denies the complainant a right or privilege as a national of the United States). In the case at Bar, the heads of said departments when this action was commenced were Secretary of State Marshall and Attorney General Clark.

Rule 25(d) F.R.C.P. provides:—"(d) Public Officers; Death or Separation from Office. When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object. As amended Dec. 29, 1948, effective Oct. 20, 1949."

■ This is a harsh rule; but under the decisions of our highest court the rule is mandatory and allows no discretion to the district judge. The rule has the force of law. If the substitution of the successor to the office is not made within six months after he takes office the action abates as against him. The time may not be extended under Rule 6(b). The time may not be altered even by agreement of the parties. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. And even the theory of estoppel may not be invoked, such as the examination of plaintiff by the District Attorney in the case at bar as late as February 1951. I have not overlooked United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; the Buck case is now the law.

Survival of the action is conditioned on prompt action by the plaintiff if a defendant department head resigns. Failure to substitute within six months after the successor takes over, is generally due to an oversight. A case gets on the Calendar and the attorney waits so many months for a trial that he may forget about it and the appointment of a new Secretary of State or a new Attorney General is only a news item unless the lawyer recalls Rule 25(d) and the effect the new appointment may have on his lawsuit. There is nothing the Court can do to help him, if he is busy with other matters and forgets to substitute the new appointee. Gambardelli v. Clark, D.C., 10 F.R.D. 44.

In the case at bar the granting of the motion will not leave plaintiff without a remedy. She will be able to start a sec-

ond action at once and in view of the delay in reaching an advanced trial calendar position in the first action, she may apply for a preference in the second action. It all seems so foolish. Some day the rule will be amended. No one gains anything by a dismissal of this action.

The plaintiff is a native born American. The government claims she lost her American citizenship under § 401(e) of the Nationality Act of 1940, 8 U.S.C.A. § 801 (e), by voting in an Italian election on March 31, 1946. Plaintiff claims she did so under duress. That is the only issue. It should take only a morning session to try the case. Plaintiff has been in the country since December 1948 under a Certificate of Identity for the purposes of this suit. But now on the eve of a trial I am required by the Rule to dismiss the action.