**LEHMANN**

v.

**ACHESON, Secretary of State of United States.**

**No. 11035.**

United States Court of Appeals
Third Circuit.

Argued June 9, 1954.

Decided June 18, 1954.

---

2. Cf. American Purchasing Co. v. Landwehr, 192 Misc. 548, 80 N.Y.S.2d 193.

Henry A. Craig, Philadelphia, Pa., for appellant.

G. Clinton Fogwell, Jr., Philadelphia, Pa., for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

In Lehmann v. Acheson, D.C.E.D.Pa. 1953, 109 F.Supp. 751, 755, in an action for a declaratory judgment under Section 503 of the Nationality Act of 1940 [1] to declare Lehmann to be a citizen of the United States, the United States District Court for the Eastern District of Pennslyvania entered judgment for Acheson after finding that Lehmann, a native-born citizen of the United States had expatriated himself by reason of his conscription into a foreign (Swiss) army and incidental taking of an oath of allegiance to a foreign sovereign.

Lehmann appealed to this Court while Acheson was still Secretary of State. Subsequent to the appeal, and before decision therein, Acheson was succeeded in office as Secretary of State by John Foster Dulles. No substitution of Dulles for Acheson was made within six months after Acheson had left office and Dulles had succeeded him. In an opinion reported in 3 Cir., 1953, 206 F.2d 592 we held that the District Court had erred, and reversed with directions to enter an order declaring Lehmann to be a citizen of the United States and issued our mandate to that effect. Later, appearing as counsel for Acheson and the United States, the United States Attorney for the Eastern District of Pennsylvania filed a motion here to recall our mandate and to remand the cause to the District Court with a direction to dismiss the cause as abated on the ground that Dulles had not been substituted for Acheson

within six months after the latter had left office. The motion cited to us Snyder v. Buck, 1950, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15 and United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 168 F.2d 1014.

In the belief that the Buck and Trinler cases were dispositive of the issue raised by the motion, we entered an order on October 1, 1953, recalling our mandate and made a further order that day vacating and setting aside our judgment of reversal and remanded the cause with direction to the District Court to dismiss it as abated. Subsequently the District Court dismissed the action as abated.

On April 1, 1954, the United States Court of Appeals for the Ninth Circuit ruled that an action for a declaratory judgment [2] brought against a Secretary of State under Section 503 of the Nationality Act of 1940 [3] will not be abated by reason of the failure to substitute his successor during the pendency of an appeal following judgment in the District Court. In view of that holding we issued a Rule to Show Cause why the Order of this Court entered October 1, 1953, should not be vacated and our Judgment entered herein on July 29, 1953, reinstated.

Upon consideration, we are of the opinion that we erred in ordering (1) the recall of our original mandate and (2) the District Court to dismiss as abated Lehmann's action in that Court.

We have been persuaded to that view by the excellent opinion of the Ninth Circuit, which stated [212 F.2d 296]:

"In summation * * * we repeat that since a judgement rendered in a § 903 action cannot be a command to any head of any governmental department to do anything or to refrain from doing anything, but fixes a status for the plaintiff

---

1. 8 U.S.C. § 903.

2. Dean Acheson, as Secretary of State v. Fujiko Furusho, No. 13,093; Ng Kwock Gee and Ng Kwock Jom v. Dean Acheson, Secretary of State of the United States, No. 13,712; Wong Sho Ging v. James P. McGranery, United States Attorney General, No. 13,774; Dean G. Acheson, Sec-

retary of State of the United States of America v. Lee Wing Bew, by Lee Koon Ngeung, his next friend, No. 14,051, 9 Cir., 212 F.2d 284.

3. The Act of 1940 as it existed prior to repeal and re-enactment in changed form as Title 8 U.S.C.A. § 1503, 1953 Rev.

which all persons inclusive of governmental authorities must respect, the action does not relate to the 'discharge', i. e., the carrying out, of any official duty.

"Since the judgments obtained or which may be obtained in the instant cases would not be ineffectual, but would establish to the world whether or not the plaintiffs are United States nationals, no reason or law exists requiring their abatement simply because there has been a period when the ex-officio defendant has not been formally made a party to the action.

"Undoubtedly, the federal courts have the inherent power and duty to require that cases be kept in the course of accepted and regular procedure. And, in the circumstances of the instant cases and not by reason of statute or court rule, action should be taken upon the fact that the cases themselves have not abated but, by reason of the nominal defendants' separation from office, their successors in office should be substituted and the cases, with the ex-officio defendants substituted as defendants, should proceed in the regular course of appeal in this court."

We agree with the Ninth Circuit that United States ex rel. Trinler v. Carusi, supra and Snyder v. Buck, supra, are

inapposite and are not inconsistent with its conclusion and our own in the instant case. In United States ex rel. Trinler v. Carusi, there was sought a review of a deportation order issued by the Commissioner of Immigration and Naturalization. The Commissioner resigned and no application was made to substitute his successor as a party respondent until nearly nine months later. We held that the action abated. In Snyder v. Buck, the case involved a petition for a writ of mandamus against the Paymaster General of the Navy to compel him to pay a widow's allowance. Judgment was in favor of the plaintiff.[4] The United States Court of Appeals for the District of Columbia vacated the judgment and directed dismissal of the complaint as abated because of failure to substitute Buck's successor within six months.[5] The Supreme Court affirmed, Snyder v. Buck, supra, stating 340 U.S. at page 18, 71 S.Ct. at page 95: "The writ that issued against Buck related to a duty attaching to the office. The duty existed so long and only so long as the office was held. When Buck retired from office, his power to perform ceased."[6]

In both Trinler and Buck the plaintiff sought a judicial order to compel an officer of the United States to perform an alleged duty of his office and they properly held that there was an abatement of the action when there was a failure to substitute his successor, since the former officer was no longer in a position to act.[7]

**4.** Snyder v. Buck, D.C.D.C.1948, 75 F. Supp. 902.

**5.** Buck v. Snyder, 1949, 85 U.S.App.D.C. 428, 179 F.2d 466. In its opinion the Court of Appeals applied Section 11(a) of the Judiciary Act of 1925 (formerly Section 780, Title 28 U.S.C.) which was repealed as of September 1, 1948, by the Act of June 25, 1948, Ch. 646, 62 Stat. 992, 1000. Section 11(a) made survival of an action dependent on a timely substitution—six months—in cases of death or resignation of an officer of the United States who was a party to the action. In applying Section 11(a) the Court specifically noted that " * * * the six-months period within which such a motion could have been made [motion of substitution] expired September 1,

1948". (Buck had resigned as Paymaster General of the Navy on March 1, 1948).

**6.** In affirming, the Supreme Court pointed to the fact (note 2, 340 U.S. at page 17, 71 S.Ct. at page 95 of its opinion) that " * * * the Court of Appeals during the period material to our problem had in force its Rule 28(b) which provided that abatement and substitution were governed by § 11 of the 1925 Act." It may be noted, parenthetically, that the Court of Appeals made no reference to its rule in its opinion.

**7.** In the same category is United States ex rel. Claussen v. Curran, 1927, 276 U.S. 590, 48 S.Ct. 206, 72 L.Ed. 720, which arose on a writ of habeas corpus.

In the instant case plaintiff did not seek a judicial order to compel an officer, past or present, of the United States to perform his duty, but sought solely to obtain a judicial *declaration* of his status as an American citizen (via a declaratory judgment). Such a declaration "does not order and cannot constitute an order to the defendant as in mandamus, habeas corpus, or injunction" as the Ninth Circuit held.

The government urges upon us that our Rule 28(5) [8] should be given effect here. We do not agree because in our view the rule was not intended to apply in situations of the type here involved.

In accordance with the above, and for the reasons stated, we will (1) recall our Order of October 1, 1953, which vacated and set aside (a) the judgment of this Court entered herein on July 29, 1953, and (b) the judgment of the District Court entered on February 6, 1953, and further ordered that the cause be remanded to the District Court with directions to dismiss the cause as abated; (2) substitute Dulles for Acheson as a defendant-appellee; and (3) enter a judgment directing that the judgment of the District Court entered on October 2, 1953, pursuant to our Order of October 1, 1953, be vacated and that the cause be remanded to the District Court with directions to enter a judgment declaring that Albert Hermann Lehmann is a citizen of the United States.

**8.** Rule 28(5) reads as follows:
"(5) Public Officers—Death or Separation from Office.
When a public officer who is a party to a case dies or ceases to hold the office while the case is pending in this court, the matter of abatement and substitution is covered by Rule 25(d) of the Federal Rules of Civil Procedure."
\* \* \* \* \*
Rule 25(d), 28 U.S.C., referred to above reads as follows:
"(d) Public Officers; Death or Separation from Office.
When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."