Hattie CHAVERS, Plaintiff,

v.

Oveta Culp HOBBY, Secretary of the Department of Health, Education and Welfare, United States Government, Defendant.

Civ. No. 857–54.

United States District Court
D. New Jersey.
July 20, 1956.

Robert A. Petito, Trenton, N. J., A. Leon Higginbotham, Jr., Philadelphia, Pa., of counsel, for plaintiff.

Herman Scott, U. S. Atty., Passaic, N. J., George H. Barlow, Asst. U. S. Atty., Trenton, N. J., for defendant.

MADDEN, District Judge.

The plaintiff, Hattie Chavers, by her complaint seeks in this Court a review of the findings of the Federal Security Agency, Social Security Administration Office of Appeals Council, and also of the Referee's decision, in disallowing Old Age Insurance Benefits, under the Social Security Act,[1] to the plaintiff upon the ground that she was not covered by the Act inasmuch as a bona fide employer-employee relationship did not exist but that it was a family relationship and she was not entitled to benefits.

Defendant, through the United States Attorney, not only resists plaintiff's claim on the record before the administrative body but also moves to dismiss the action upon the grounds that the Court has lost jurisdiction under Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

It might be well to determine the jurisdictional question before an attempt at the merits of the cause.

Rules 25(d) provides, as follows:

"(d) Public Officers; Death or Separation from Office.

"When an officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular possession, a state, county, city, or other governmental agency, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object. As amended Dec. 29, 1948, eff. Oct. 20, 1949."

In the present matter the suit was filed October 27, 1954. On August 1, 1955 Marion B. Folsom succeeded the present

1. 42 U.S.C.A. § 405(g).

defendant, Oveta Culp Hobby, as Secretary of the Department of Health, Education and Welfare. The six-month period established by Rule 25(d), supra, would expire February 1, 1956. Trial of the matter was had March 5, 1956, up to which time no substitution of Mr. Folsom for Mrs. Hobby was made and none has been made to this time.

In the matter of Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15, the following situation was presented. Snyder, a war widow, had obtained a judgment against Buck in his official capacity as Paymaster General of the Navy in the United States District Court for the District of Columbia. 75 F.Supp. 902. After Buck had retired and his successor had taken office, an appeal was taken in Buck's name. Six months having elapsed since Buck's retirement without any effort being made to have his successor in office substituted as a party, the Court of Appeals ruled that the action had abated. It thereupon vacated the judgment and remanded the cause to the District Court with direction to dismiss the complaint. 85 U.S.App.D.C. 428, 179 F.2d 466. The Supreme Court in a five to four decision affirmed.

While the Supreme Court was deciding the Snyder v. Buck matter upon the requirements of Section 11(a) of the Judiciary Act of 1925, 43 Stat. 936, it made comment at page 17 in the footnotes of 340 U.S., at page 95 of 71 S.Ct. about the present provisions of Rule 25(d). Rule 25(d) was amended December 29, 1948, effective October 20, 1949, and contains the same basic provisions as the Section 11 hereinabove referred to.

I think the language used by Judge Leibell for the United States District Court for the Southern District of New York in Rossello v. Marshall, D.C., 12 F.R.D. 352, is most fitting. There he said, at page 354:

"This is a harsh rule; but under the decisions of our highest court the rule is mandatory and allows no discretion to the district judge. The rule has the force of law. If the substitution of the successor to the office is not made within six months after he takes office the action abates as against him. The time may not be extended under Rule 6(b). The time may not be altered even by agreement of the parties. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. And even the theory of estoppel may not be invoked, such as the examination of plaintiff by the District Attorney in the case at bar as late as February 1951. I have not overlooked United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; the Buck case is now the law.

"Survival of the action is conditioned on prompt action by the plaintiff if a defendant department head resigns. Failure to substitute within six months after the successor takes over, is generally due to an oversight. A case gets on the Calendar and the attorney waits so many months for a trial that he may forget about it and the appointment of a new Secretary of State or a new Attorney General is only a news item unless the lawyer recalls Rule 25(d) and the effect the new appointment may have on his lawsuit. There is nothing the Court can do to help him, if he is busy with other matters and forgets to substitute the new appointee. Gambardelli v. Clark, D.C., 10 F.R.D. 44."

See also Toshio Joji v. Clark, D.C., 11 F.R.D. 253; State of Wisconsin v. Clark, D.C., 11 F.R.D. 102; Bowles v. Wilke, 7 Cir., 175 F.2d 35. In the Bowles v. Wilke case the Seventh Circuit affirmed the action of the District Court in dismissing the Government's suit because of its failure to substitute the successor in office within the six-month period.

Counsel for plaintiff relies upon Northwestern Lumber & Shingle Co. v. United States, 10 Cir., 170 F.2d 692. However, this matter was decided November 2,

1948 while the matter of Snyder v. Buck, supra, was decided by the Supreme Court November 13, 1950, and in the opinion of this Court is controlling.

The Court is, therefore, of the opinion that the matter has abated and, consequently, the Court is without jurisdiction. It will be dismissed. Counsel is directed to prepare an appropriate order.