252 F.2d 333
 William GLANZMAN, doing business as Glanzman Studios, Plaintiff-Appellant,
v.
Hon. Robert H. SCHAFFER, as Postmaster, New York, New York, Defendant-Appellee.
William GLANZMAN, doing business as Bowery Enterprises, Plaintiff-Appellant,
v.
Hon. Robert H. SCHAFFER, as Postmaster, New York, New York, Defendant-Appellee.
 No. 39.
 No. 175.
 Docket 24376.
 Docket 24848.
 United States Court of Appeals Second Circuit.
 Argued November 7, 1957.
 Decided February 7, 1958.
 
 David T. Berman, Brooklyn, for plaintiff-appellant.
 Paul W. Williams, U. S. Atty., S. D. New York, New York City (Benjamin T. Richards, Jr., Harold J. Raby, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.
 Before SWAN, MEDINA and WATERMAN, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 The appellant commenced these actions in the District Court seeking declaratory and injunctive relief from administrative orders of the Solicitor of the Post Office Department. The orders directed the Postmaster of New York to return to the senders all mail addressed to the plaintiff and forbade payment of all postal money orders drawn to the plaintiff's order. The Solicitor acted under the authority of 39 U.S.C.A. § 259a authorizing the imposition of these sanctions "Upon evidence satisfactory to the Postmaster General that any person * * * is obtaining, or attempting to obtain, remittances of money or property of any kind through the mails for any obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, or is depositing or is causing to be deposited in the United States mails information as to where, how, or from whom the same may be obtained * *" The relief appellant sought below was denied him there; and all the issues, save one, raised on these appeals were adequately disposed of in the opinion of Judge Levet, 143 F.Supp. 243, denying appellant's motion for a preliminary injunction in No. 24376. With one exception all the constitutional issues sought to be raised by these appeals were decided against appellant in Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed. 2d 1498.[1] In Roth, where the Supreme Court sustained the validity of a federal statute imposing criminal penalties upon persons distributing obscene material through the mail, the standard for determining obscenity was stated (supra, 354 U.S. at page 489, 77 S.Ct. at page 1311) to be: "whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest." The appellant now urges in his brief that application of this standard must be made by a "representative cross-section of the community," and hence that the trial court, despite the equitable nature of the actions the plaintiff brought (see Fed.R. Civ.P. 38(b), 28 U.S.C.A.), erred in denying appellant's demand for trial by jury.[2] Roth, unlike the present cases, was a criminal prosecution. Since the defendant there was entitled to a jury trial by virtue of the Sixth Amendment no question was presented as to the right to a jury trial under either the First or Fifth Amendments. In Kingsley Books, Inc., v. Brown, 1957, 354 U.S. 436, 77 S.Ct. 1325, 1326, 1 L.Ed.2d 1469, the Supreme Court sustained the validity of a New York statute which authorized "a limited injunctive remedy" against the sale and distribution of obscene material. The necessity of a jury trial in obscenity cases was not directly before the court, but there is strong dictum in the majority opinion indicating that there is no constitutional requirement that a jury pass upon the question of obscenity. See 354 U.S. 436, at pages 443-444, 77 S.Ct. 1325, at pages 1328-1329. Of course, a court of equity may, in its discretion, impanel an advisory jury, see Callwood v. Callwood, D.C.V.I.1955, 129 F.Supp. 582, affirmed 3 Cir., 1956, 233 F.2d 784, but there is no basis for appellant's contention that in either of these actions a jury was mandatory. The appellant also requested that a three-judge district court be convened to adjudicate such constitutional questions as he raised below. This request was properly denied.
 
 
 2
 The several judgments appealed from are each affirmed.
 
 
 
 Notes:
 
 
 [1]
 A Supplemental Brief filed by the appellant contains a vague suggestion that 39 U.S.C.A. § 259a is invalid because a sanction is authorized prior to a judicial determination of illegality. The contention is wholly without merit. Public Clearing House v. Coyne, 1904, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092
 
 
 [2]
 A jury demand was made in No. 24848 only