**VIBRA BRUSH CORP., Plaintiff-Appellant,**

v.

**Robert H. SCHAFFER, Postmaster of the City of New York, Defendant-Appellee.**

**No. 330, Docket 24683.**

United States Court of Appeals Second Circuit.

Argued April 15, 1958.

Decided May 13, 1958.

On Petition for Rehearing July 31, 1958.

Milton A. Bass, of Bass & Friend, New York City, for plaintiff-appellant.

Robert J. Ward, Asst. U. S. Atty., S.D. N.Y., New York City (Paul W. Williams, U. S. Atty., and Benjamin T. Richards, Jr., and Elliot L. Hoffman, Asst. U. S. Attys., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

In Columbia Research Corp. v. Schaffer, 2 Cir., 256 F.2d 677, we held a "fraud order" of the Post Office Department under 39 U.S.C. §§ 259, 732, similar to the one here involved not enforceable for failure of the Department to comply with the provisions of the Administrative Procedure Act for the separation of prosecuting and adjudicating functions and for publication in the Federal Register of its central and field organization and delegations of final authority. 5 U.S.C. §§ 1002 (a), 1004(c). See also Pinkus v. Reilly, D.C.N.J., 157 F.Supp. 548. Since the same principles control here, we must hold the court in error in denying the plaintiff's motion for summary judgment and granting that of the defendant, though the issue was not raised below. The judgment dismissing the complaint is therefore reversed, and the action is remanded for the issuance of an injunction forbidding the defendant to deny plaintiff the use of the mails for its advertising.

On Petition for Rehearing

CLARK, Chief Judge.

■ In this case and the companion case of Columbia Research Corp. v. Schaffer, 2 Cir., 256 F.2d 677, the Government has filed petitions for rehearing, saying that the actions must abate because Schaffer resigned as Postmaster in New York City on May 31, 1957. The issue is a very substantial one in the light of the recent Supreme Court decisions hereinafter discussed, and it has been fully briefed for us by counsel. We are constrained to hold, albeit reluctantly under the circumstances, that under these decisions the actions must abate for lack of a timely motion for substitution of a new defendant.

■ In this case the district court's order was entered on April 15, 1957, and notice of appeal was filed May 3, 1957, i. e., substantially before Schaffer's resignation. It differs in this respect from the Columbia Research case, where both these steps occurred shortly after the resignation. Since the case was thus in our court at the time, any question of substitution of parties or continuance of the action must be controlled by our Rule 9, not by the district court rule, Rule 25 (d), F.R.Civ.P. United States ex rel. Trinler v. Carusi, 3 Cir., 168 F.2d 1014. But except as defining the source of authority this is not important here in view of the similarity of the rules. F.R. 25(d) —with which Rule 48.3 of the Supreme Court's Revised Rules corresponds rather closely—provides that, when an officer of the United States resigns during the pendency of the action, it may be continued "against his successor, if within six months after the successor takes office" it is satisfactorily shown (as is the obvious case here) that there is a substantial need therefor, as where the successor is continuing the action of his predecessor. Our Rule 9, adopted in 1954, provides: "The substitution of a party during the pendency of an appeal shall be in accordance with Rule 25 of the Federal Rules of Civil Procedure, except that such substitution shall be made within 60 days after the event calling therefor; and if not then made, the court may take such action as it shall deem appropriate, including dismissal of the appeal."

■ It is quite clear that our rule was designed to accept the general principles of F.R. 25, with only the minor modification that an appellate court to dispose of an appeal could act in a shorter time than the 2 years available in case of death, F.R. 25(a), or the 6 months on resignation of a public official, F.R. 25(d). Thus it was not designed to *extend* the period, but to give the court a discretionary power to *shorten* it.

Hence the issue is whether a timely application for substitution was here made. None was made until the plaintiff answered the petition for rehearing in June of this year. But no successor was appointed until on June 3, 1958, Robert K. Christenberry was designated Acting Postmaster at New York City. Before that time, according to the Government's representation to us, "Mr. Howard Coonen, Regional Operations Director, New York Postal Region, was designated to take charge of the New York post office effective as of the close of business May 31, 1957." In 39 U.S.C. § 38 it is provided that, whenever the office of any postmaster becomes vacant, "the Postmaster-General may, when the exigencies of the service require, place such office in charge of a special agent until the vacancy can be regularly filled." Other statutes provide for the "appointment" of postmasters, the filling of vacancies by "appointment," and the "appointment" of acting postmasters. See, e. g., 39 U.S.C. §§ 31a–31d, 39, 39a. Against this background we had been disposed to conclude that no successor was appointed before Christenberry took office on June 3, 1958, and that a timely motion thereafter for his substitution was adequate compliance with any of the rules. But that conclusion seems now foreclosed by the two Supreme Court cases decided June 23, 1958, Klaw v. Schaffer, 78 S.Ct. 1369, 2 L.Ed.2d

1368, and Glanzman v. Schaffer, 78 S.Ct. 1370, 2 L.Ed.2d 1368.

These were cases where we, after the time of Schaffer's resignation, affirmed district court judgments entered before that date: Klaw v. Schaffer, 2 Cir., 251 F.2d 615, affirming D.C.S.D.N.Y., 151 F. Supp. 534; Glanzman v. Schaffer, 2 Cir., 252 F.2d 333, affirming D.C.S.D.N.Y., 143 F.Supp. 243. The Supreme Court's *Per Curiam* opinions are quite summary, but appear to be sweeping. In the Klaw case the motion to substitute Coonen, "Individually and Regional Operations Director in charge of the United States Post Office at New York, New York," is denied "as untimely," citing Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. Then the petition for certiorari is granted, our judgment is vacated, and the case is remanded to the district court with instructions to dismiss the complaint as abated. The Glanzman opinion is similar, except that there it is the motion to substitute "Robert K. Christenberry, Acting Postmaster, New York, New York," which is denied as untimely on the basis of the Snyder case. It thus seems to have passed fully on the status of both Coonen and Christenberry and by necessary implication to have held Coonen the successor to Schaffer before Christenberry took office. Accordingly we see no other course open than to vacate the judgment below and remand the action to the district court with instructions to dismiss the complaint as abated.

Certain details remain unclear. Thus the Supreme Court does not state what law of substitution it is applying. Its citation of the Snyder case does not help, because that case depends on a statute, later repealed perhaps through inadvertence.[1] Presumably it must be the Su-

---

1. Subdivisions (a) and (d) of F.R. 25 were a restatement of former 28 U.S.C. §§ 778, 780 (1946 Ed.), which were repealed and not included in the 1948 Judicial Code for the stated reason that they were superseded by F.R. 25 and 81. H.R.Rep. No. 308, 80th Cong., 1st Sess. A239 (1947). But they should have been retained, since the civil rules do not apply to all actions in any court of the United States. Moreover, the provision for substitution upon death of a party has been considered a "statute of limitations," Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436, and more lately has been held invalid as a mere rule of court without supporting legislation. Perry v. Allen, 5 Cir., 239 F.

preme Court's own rule, 48.3. But the implication of an inclusive definition of successor to include a special agent in charge probably should carry over to our Rule 9. The harshness of the present F.R. 25 has been such that the late Advisory Committee considered this perhaps the one rule most in need of amendments and suggested changes which have not yet been acted upon. See Report of Proposed Amendments, October 1955, 28–33. At best it would seem difficult for parties dealing with orders really emanating from Washington to keep track of changes in local postmasters, and almost impossible to know when and what special agents are left temporarily in charge. This makes a trap for unsuspecting litigants which seems unworthy of a great government. But until change is made, we must of course follow the leadership of the Supreme Court.

Our former judgment is withdrawn, the order below is vacated, and the action is remanded to the district court with instructions to dismiss the complaint as abated.

2d 107; Henebry v. Sims, D.C.E.D.N.Y., 22 F.R.D. 10. But this need not apply to subd. (d), which may be considered only a rule of procedure, since under the former statute dismissal for failure to substitute the successor public officer in 6 months was without prejudice to the bringing of a new action. State of Oklahoma ex rel. McVey v. Magnolia Petroleum Co., 10 Cir., 114 F.2d 111. In the recent cases cited in the text, the Supreme Court appears to have accepted the applicable rules as valid. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L. Ed. 15, arose under the former 28 U.S.C. § 780.