**Hannah LEVINE, Appellant,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Appellee.**

**No. 16156.**

United States Court of Appeals Eighth Circuit.

June 30, 1959.

Irving Achtenberg, Kansas City, Mo., for appellant.

Morton Hollander and William A. Montgomery, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This case comes on for hearing on a motion filed on April 3, 1959, by the appellee Marion B. Folsom through his attorneys to vacate a judgment that was rendered in the court below and to remand the case with instructions to the District Court to dismiss the complaint on the ground that appellee, who was Secretary of Health, Education and Welfare when the action was commenced, is no longer a proper party to it in that he has been succeeded in the office by Arthur S. Flemming and that the action has abated.

Appellant brought the action as plaintiff in the District Court under Section 205(g) of the Social Security Act as amended, 42 U.S.C.A. § 405(g), for review of a decision by a referee under the Secretary of Health, Education and Welfare, which denied appellant's application for payment of old age insurance benefits. She claimed the right to recover under the Act by reason of income to her and taxes paid thereon received for services as co-executrix of an estate and as rents from real estate which she owned. The referee found upon hearing that none of this income constituted "net income from self-employment" within the meaning of 42 U.S.C.A. § 411(a) and that, therefore, appellant did not have the requisite wage record to entitle her to recover the insurance benefits. That is to say, she had not proved a right to compel the Secretary to certify to the Managing Trustee under 42 U.S.C.A. § 405(i) that she was entitled to receive any payment on account of her claim for insurance benefits.

On July 29, 1958, the District Court, after hearing, entered an order on appellee's motion for summary judgment affirming the referee's findings and conclusions. Appellant, on August 8, 1958,

moved to vacate and set aside the order or in the alternative for a new trial. At that time no other person than Marion B. Folsom was named party defendant in the action. The Department of Health, Education and Welfare and the United States of America had been named as defendants in the original complaint but had been dismissed for want of jurisdiction on the government's motion on January 13, 1958. The plaintiff's counsel acquiesced in the dismissal of those defendants and no appeal was taken from that order of the court. On September 30, 1958, the court denied the motion to vacate or for new trial.

On August 1, 1958, Marion B. Folsom was succeeded in the office of Secretary of Health, Education and Welfare by Arthur S. Flemming, who continues in that office at present.[1] On October 24, appellant filed notice of appeal in which this appellee only was named as party to the judgment sought to be reviewed.[2]

■ The appellee contends in support of his present motion that he ceased to be a proper party to the suit upon his retirement from office and the succession of Mr. Flemming on August 1, 1958. He contends that no further affirmative proceedings could properly be carried on in the action against him after that date and that there was an abatement of the action against him. The motion for new trial or alternative relief which plaintiff filed on August 8, 1958, a week after the change in the office of Secretary, ought not to have been taken up until a substitution of party defendant had been made. The pendency of the motion for new trial

stayed the running of time for taking appeal and preserved jurisdiction of the case in the District Court. Vol. 4 Fed. Digest, Appeal & Error ☞76(3). The preserved jurisdiction should have been exercised by proceedings for substituting defendant before going forward in the case. But under Rule 25(d) F.R.Civ.P.[3], 28 U.S.C.A. Such substitution must be based upon a showing made to the District Court upon notice to the officer affected within six months after such successor takes office and in this case the plaintiff did not know of the change of officers and no steps were taken within that period to obtain substitution.

■ We think that in view of the late decisions of the Supreme Court in Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15; Klaw v. Schaffer, 357 U.S. 346, 78 S.Ct. 1369, 2 L.Ed.2d 1368, and Glanzman v. Schaffer, 357 U.S. 347, 78 S.Ct. 1370, 2 L.Ed.2d 1368, and the decision of the Third Circuit in Poindexter v. Folsom, 242 F.2d 516, with which we are in accord, and other cases cited, we must hold that Mrs. Levine's action against Marion B. Folsom, Secretary of Health, Education and Welfare, was abated in the District Court upon the succession of Mr. Flemming to that office on August 1, 1958, and failure to substitute party defendant within six months, and that the motion which the appellee, Mr. Folsom, has submitted to us must be sustained.

In the first place, it is clear that the action here is "an action aimed at compelling an official to discharge his official duties" as to which the Social Security Act contemplates that the Secretary shall

---

1. The statement of facts is taken from appellee's brief. The only filings that have been made with the Clerk of this Court are the motion of appellee and supporting brief and a motion by appellant with supporting brief. Appellee's statement of the facts is not disputed.

2. The dates to be kept in mind are (1) the affirmance of the referee July 29, 1958; (2) succession to the office by Arthur S. Flemming on August 1, 1958; (3) motion for new trial August 8, 1958; (4) denial of motion for new trial Sep-

tember 30, 1958; (5) notice of appeal filed October 24, 1958; (6) the present motion of Marion B. Folsom, filed in this court April 3, 1959.

3. "When an officer of the United States * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."

accord a hearing to an applicant for old age insurance benefits and shall cause findings and decision to be made, and if he finds the applicant to be entitled to payment the Secretary is required to issue certificate to effect payment. It is the kind of an action that abated when Folsom retired from office and could only be continued in the District Court against his successor pursuant to 25(d), F.R.Civ.P.

This is made clear by the decision of the Third Circuit in Poindexter v. Folsom, supra. The action there was against Oveta Culp Hobby, then Secretary of the Department of Health, Education and Welfare, to obtain old age insurance benefits, and Mrs. Hobby was succeeded in office by Marion B. Folsom during its pendency in the District Court. There was no proceeding for substitution of the successor within the six month period after the change of officers fixed by 25(d), but the District Court sustained a motion for summary judgment for defendant affirming the decision of the Referee of the Secretary, approved a stipulation of the parties for substitution of the successor in office as defendant and entered judgment accordingly. On plaintiff's appeal to the Court of Appeals, that Court reversed the judgment, vacated the substitution of Folsom as defendant and remanded the cause with direction to dismiss it as abated. The Court said:

"There have been situations where the provisions of Rule 25(d) were held inapplicable. Where a person seeks a declaration of nationality the rule has not been applied because the judgment sought was a determination of status binding on all the world, not merely on a particular public officer and was not a direction to the head of a governmental department to do something or to refrain from doing something. The rule also has been held to be not binding where the United States has instituted a suit because of the violation of price or rent controls on the theory that in such suits the plaintiff public officer has instituted the action pursuant to a statute on behalf of the United States which is the real party-in-interest. An early determination, that a statute authorizing suits by or against the Public Housing Administrator permitted actions by or against the Federal Housing Administration, resulted in the conclusion that the real party-in-interest was the Federal Housing Administration and so the requirements of Rule 25(d) did not have to be met. Of course actions against a collector of Internal Revenue for the recovery of taxes received by him are against the collector as an individual and not as a public official. Rule 25(d) therefore does not apply.

"The case before us fits itself into none of the situations set out above. While it may be argued that the plaintiffs seek here a declaration that Doris Poindexter has the legal status of Jerome Poindexter's widow and that this would be analogous to a declaration of nationality, cf. Lehmann v. Acheson, supra [3 Cir., 214 F.2d 403], a declaration by this tribunal or by the court below or by the referee in respect to Doris' status as Jerome's widow would not be such a determination as would stand against the world as would an adjudication of nationality. What the plaintiffs really seek here is a judgment which would direct the Secretary of the Department of Health, Education and Welfare to pay the plaintiffs benefits claimed under the Old Age and Survivors' Insurance Benefits Act, 42 U.S.C.A. § 401 et seq. This case is similar on its facts to Chavers v. Hobby, D.C. D.N.J.1956, 19 F.R.D. 393. In the Chavers case the court held the action had abated and therefore the court lacked power to proceed with the action. See also Snyder v. Buck, 1950, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15; and compare United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 168 F.2d 1014." [242 F.2d 518.]

The decision of this court in Fleming v. Goodwin, 165 F.2d 334, 337, is not in.

conflict. In that case the Price Administrator sued to enforce provisions of the Emergency Price Control Act of 1942 as amended and there were changes during pendency of the suit of incumbents in the office and of persons charged with performing functions that pertained to it. It was held in the court below that the action had abated through noncompliance with Rule 25(d), F.R.C.P., but this court reversed. It declared:

"The purpose of the Rule, like that of the statute which it superseded, was to provide for the continuance of an action, personal in character, brought by or against a public officer, where a substantial need for continuing the action existed and the action could not, without statutory authority, be maintained against his successor after the officer had ceased to hold office. The statute therefore was intended to cover only such actions, to which a public officer was a party, as would abate upon his separation from office. The need for the statute did not arise out of the death or resignation of Government officers who had brought actions on behalf of the Government. Such a statute was needed because the Supreme Court had ruled, in a number of cases, that actions brought against public officers to compel personal performance of their official duties could not be continued as against their successors, even though the successors consented. See Thompson v. United States, 103 U.S. 480, 484, 485, 26 L.Ed. 521; United States ex rel. Bernadin v. Butterworth, 169 U.S. 600, 605, 18 S.Ct. 441, 42 L.Ed. 873; Murphy v. Utter, 186 U.S. 95, 100, 101, 22 S.Ct. 776, 46 L.Ed. 1070; referring to c. 121, 30 Stat. 822, 28 U.S.C.A. § 780; Ex Parte La Prade, 289 U.S. 444, 456–458, 53 S.Ct. 682, 77 L.Ed. 1311. The Supreme Court recognized that there were cases brought against public officials which did not abate upon their retirement from office, such as an action against a municipal board and its members, charged with the performance of a continuing public duty. Murphy v. Utter, supra, pages 101–103 of 186 U.S., pages 778, 779 of 22 S.Ct., 46 L.Ed. 1070; United States ex rel. Bernadin v. Butterworth, supra, pages 603–604 of 169 U.S., page 442 of 18 S.Ct., 42 L.Ed. 873. In Thompson v. United States, supra, 103 U.S. 480, 484, 26 L.Ed. 521, it was held that a suit against township clerk which in reality was a suit against the township to enforce collection of a judgment, did not abate upon the resignation of the clerk."

The rulings of the Supreme Court in the three cases, Snyder v. Buck, Klaw v. Schaffer, and Glanzman v. Schaffer, above cited, plainly require that Folsom's motion here be sustained.

In Snyder v. Buck the plaintiff sued the Paymaster General of the Navy, Rear Admiral U. A. Buck, under the Act of June 4, 1920, 41 Stat. 824, as amended, 34 U.S.C. Sec. 943, to compel him to pay the widow's allowance for a death gratuity. She obtained judgment in the District Court ordering defendant to pay her the amount. Notice of Appeal was afterwards filed in the name of defendant some few days after he had been succeeded in the office by another person. No substitution of party defendant was made. The Court of Appeals for the District of Columbia Circuit vacated the judgment and remanded the case to the District Court with directions to dismiss the complaint as abated, "being of [the] opinion that the action has abated because of failure to substitute appellant's successor." 85 U.S.App.D.C. 428, 179 F.2d 466.

The Supreme Court [340 U.S. 15, 71 S.Ct. 97] approved the action of the Court of Appeals, and held that "the suit had abated in the District Court" and "vacating the judgment of the District Court was therefore the proper procedure." In distinguishing from other cases, particularly from one in which the time for substituting a party defendant

ran out while the case was properly in the appellate court, the court said:

"There is a difference in the present case by reason of the fact that the appeal was taken by Buck after his retirement and therefore without authority. The judgment concerned the performance of official duties for which Buck was no longer responsible. Hence he was not in a position to obtain a review of it." We think the situation here is the same in principle. Rule 25(d) F.R.Civ.P. required steps for obtaining substitution of the successor in office to be taken in the District Court in this case within six months and the action abated in the District Court when the time elapsed without proceedings for substitution being taken. Snyder v. Buck compels us to hold that this suit abated in the District Court.

The later cases of Klaw v. Schaffer, 357 U.S. 346, 78 S.Ct. 1369, 2 L.Ed.2d 1368, and Glanzman v. Schaffer, 359 U.S. 347, 78 S.Ct. 1370, 2 L.Ed.2d 1368, came before the Supreme Court on petition for certiorari from the Court of Appeals of the Second Circuit where judgments of the District Court, reported at 151 F. Supp. 534 and 143 F.Supp. 243, had been affirmed, 215 F.2d 615 and 252 F.2d 333.

The actions had been brought to enjoin Robert H. Schaffer, New York, New York, Postmaster from making certain disposition of the mail of the plaintiffs on account of their alleged misuse of the mailing privilege and trials had proceeded to judgment in the District Court before May 31, 1957, when Schaffer resigned and was succeeded on the same day by Howard Coonen as Regional Operations Director. A motion was filed in the Supreme Court more than six months after the resignation of Schaffer and succession to the office by Coonen to substitute Coonen individually and as Regional Operation Director in charge of the United States Post Office at New York, New York, as the party respondent in the place and stead of Schaffer, resigned. The Court denied the motions as untimely in per curiam opinions, citing only

Snyder v. Buck, supra. It granted certiorari, vacated the judgments of the Court of Appeals and remanded the cases to the District Court with instructions to dismiss the complaints as abated.

The Court of Appeals of the Second Circuit considered and applied these three decisions of the Supreme Court in two subsequent cases against the New York Postmaster, Robert H. Schaffer, namely, Columbia Research Corp. v. Schaffer, 256 F.2d 677, and Vibra Brush Corp. v. Schaffer, 256 F.2d 681.

In the Columbia Research case, Schaffer resigned and was succeeded by Coonen before the District Court entered its judgment and the appeal from the judgment was proceeded with in Schaffer's name without any steps taken within six months to obtain substitution of his successor. The Court of Appeals commented that "this would make the application of Rule 25(d) F.R.Civ.P. only perhaps the clearer * * * [than in the case where the judgment was entered after the change of officers without substitution.]" [4] [256 F.2d 681.] The Court of Appeals observed, however, that "in either event, however, the action must abate under Klaw v. Schaffer, 78 S.Ct. 1369, and Glanzman v. Schaffer, 78 S.Ct. 1370" and remanded the case with instructions to dismiss the complaint as abated. Judge Hand concurred "on the authority of Klaw v. Schaffer and Glanzman v. Schaffer."

In the case of Vibra Brush against Schaffer the notice of appeal from the order of the District Court was filed substantially before Schaffer resigned as Postmaster and was succeeded by Coonen, but no application for substitution of Coonen was made until June of the year following the change of officers. In considering and applying the two later per curiam opinions of the Supreme Court, the Court of Appeals observed that "the Supreme Court's *Per Curiam* opinions are quite summary, but appear to be sweeping." [256 F.2d 681.] "Accordingly we see no other course open than to vacate the judgment below and remand

4. Interpolated.

the action to the district court with instructions to dismiss the complaint as abated."

The Court of Appeals observed that the "Supreme Court does not state what law of substitution it is applying" * * "But except as defining the source of authority this is not important here in view of the similarity of the rules." No rule on substitution is referred to that sanctions such failure to take steps for substitution as is shown in this case. We agree with the declaration of the Second Circuit, "Until change is made we must of course follow the leadership of the Supreme Court."

After appellee's motion was filed the appellant filed a motion in this Court on April 8, 1959, to substitute the successor Secretary Arthur B. Flemming as appellee and we have considered it, the brief supporting it and the contentions in opposition to appellee's motion. What we have said in sustaining appellee's motion sufficiently discloses the grounds upon which we deny the motion of appellant.

The judgment appealed from is vacated and the case remanded with direction to dismiss the complaint as abated.[5]

5. In Poindexter v. Folsom, supra, the Court suggested under [4] on page 519 of 242 F.2d that "the Social Security Administrator could allow the plaintiff to institute a new suit in the district court."